CLAY CAMERON *v.* STATE OF INDIANA

[No. 1077S752. Filed January 3, 1979. Rehearing denied March 9, 1979.]

*Duge Butler, Jr., Kenneth R. Cady,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Terry G. Duga,* Deputy Attorney General, for appellee.

PIVARNIK, J. — Appellant Cameron was convicted of commission of a felony while armed, to-wit, rape, and of inflicting injury in the course of a robbery, at the conclusion of a jury trial in the Marion Criminal Court on March 22, 1977. He was sentenced to a determinate term of twenty years imprisonment and to life imprisonment, respectively, for the two crimes.

Among the errors asserted in this appeal, it is argued that the trial court erred by his behavior in interposing himself into the jury deliberations and emphasizing a particular instruction. We agree, and reverse the judgment of the trial court on this basis.

The facts necessary for an understanding of the problems that arose in this case are as follows. First, final instructions were sent to the jury room during deliberations, but were never in fact read to the jury by the trial judge. We have since held that this same procedure, as instituted and implemented by this same trial judge, is contrary to law and constitutes reversible error. *Purdy v. State,* (1977) 267 Ind. 282, 369 N.E.2d 633. While such error has not been claimed or perfected in the present case, it is noteworthy because it was an initial irregularity which undoubtedly added to the irregularities here. About three and one half hours after they retired, the jurors returned to the courtroom and reported that they were having problems understanding court's instruction no. 25A, which defined insanity relative to appellant's insanity defense. In the presence of both the prosecutor and defense counsel, the court then began a lengthy dialogue with the jury, during which he attempted to answer questions that they asked him.

Most of the dialogue between the trial judge and the jury concerned instruction no. 25A, which was frequently repeated and "explained" to the jury, such as in the following passage:

THE COURT: . . . Once there is established to your satisfaction that a mental disease or defect exists then you make a deter-

mination as to whether or not — now remember this — as a result of the mental disease or defect the accused lacked substantial capacity to appreciate the wrongfulness of his acts. That means that he didn't know what he was doing was wrong. That's about it in a nutshell. . . .

Also, the court at times answered direct questions from jurors, sometimes emphasizing testimony which had been taken at trial:

UNIDENTIFIED JUROR: Can you any further define "defect"?

THE COURT: I don't even know that psychiatrists can. Try to recall the psychiatric testimony. There was some discussion. . . .

As the dialogue progressed, the court restated points already discussed, sometimes in a rambling manner in which he interjected personal comments and impressions:

THE COURT: Well, just remember there were two psychiatrists who made an examination. They could be wrong, of course, but they were only appointed by this Court for the purpose of conducting an examination and rendering an opinion. No matter how someone else might do it, that's what they did. I mean, as I said, anything could be. . . .

The law is clear that final instructions are not to be orally qualified, modified, or in any manner orally explained to the jury by the trial judge. Ind. Code § 35-1-35-1 (Burns 1975). Instructions given to the jury should be considered and construed as an entirety. *Bowers v. State,* (1925) 196 Ind. 4, 146 N.E. 818. Thus, by calling back the jury during deliberations, and emphasizing a particular instruction or a particular aspect of the case, the trial court commits reversible error. *See Brannum v. State,* (1977) 267 Ind. 51, 366 N.E.2d 1180, 1184-85, *and cases cited therein.* The events of the present case, recited and discussed above, clearly show such reversible error to have occurred here.

The judgment of the trial court is reversed, and the cause remanded for a new trial.

Givan, C.J., Prentice, J. concur.

DeBruler, J. dissents with opinion in which Hunter, J. concurs.

## DISSENTING OPINION

DEBRULER, J. — According to the statements of appellant and appellee in their briefs, defense counsel made no objection to the oral examination of the insanity defense instruction by the trial judge. As a consequence the State argues that the error in so orally addressing the jury was not preserved for appeal. Appellant concedes that as a general proposition the accused must lodge an objection at trial to impermissible trial intervention by the judge, *Micks v. State,* (1967) 249 Ind. 278, 230 N.E.2d 298, but seeks to come within the exception to that rule erected in *Kennedy v. State,* (1972) 258 Ind. 211, 280 N.E.2d 611. In that case the conviction was reversed because of intervention of the trial judge into the trial in such a manner as to prejudicially effect the accused's constitutional right to be treated according to fundamental principles of due process. In relieving the accused of the obligation to object the *Kennedy* Court said:

> "A fair trial by an impartial judge and jury is an essential element in due process. See art. 1, §§ 12 and 13 of the Constitution of Indiana. Also, an attorney would be reluctant to object to the judge's questioning as it then would appear to the jury that the defense and the court were in direct conflict thus doing further damage to the defendant's cause." 258 Ind. at 218.

In that case the judge conducted an examination of a witness before the jury which showed his evaluation of the witness' testimony. This Court found that an objection to the conduct of the trial judge in those circumstances would have appeared to the jury as if the defense and the judge were in serious conflict with resultant damage to the defendant's cause. Here a quite different situation existed. Here the judge was engaged in a process of explaining an instruction on the law to the jury. An objection could have been made in a form which would have reminded the trial judge that his oral explanations were in contravention of the statute governing the instruction procedure, without the risk of severe damage to the defendant's cause. I can only conclude that appellant's argument is unsuccessful in bringing him within the protective umbrella of the *Kennedy* exception. I also find the evidence of sanity sufficient, and vote to affirm the conviction.

Hunter, J., concurs.

NOTE—Reported at 383 N.E.2d 1039.