**Mark JENKINS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 580S120.**

Supreme Court of Indiana.

Aug. 18, 1981.

Dennis Brinkmeyer, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Mark Jenkins, stands convicted of the crime of attempted criminal deviate conduct while armed, a class A felony, pursuant to Ind.Code § 35–42–4–2. Trial by jury took place in the Posey Circuit Court, resulting in a guilty verdict. He appeals alleging error in the manner in which the trial judge responded to jury questions during deliberation.

Three hours into deliberations, the jury returned into open court and through its foreperson asked the court for the meaning of a lesser included offense. The court then read all of the final instructions again to the jury.

Later the jury again returned to the courtroom and the jury foreperson inquired as to the meaning of sexual gratification. In response to this inquiry, the trial court modified the court's Final Instruction 16 by adding an additional sentence at its end, and drafted a new instruction. Both these were then given to the jury over appellant's objections.

When confronted with a question from a jury which has commenced deliberation, the challenge to the trial judge is to respond in a manner which accords with the legal requirements for final instructions and which is fair. The path is extremely hazardous for the court that would depart from the body of final instructions and do other than reread the final instructions in responding to jury questions. Such a departure will be warranted in only the most extreme circumstances. *Brannum v. State*, (1977) 267 Ind. 51, 366 N.E.2d 1180; *Cameron v. State*, (1979) Ind., 383 N.E.2d 1039. It must serve to amend the final instructions by adding a necessary one previously omitted or correcting an erroneous one, and must be fair to the parties in the sense that it should not reflect the judge's view of factual matters. *Hall v. State*, (1856) 8 Ind. 439. Thus, it is only when the jury question coincides with an error or legal lacuna in the final instructions that a response other than rereading from the body of final instructions is permissible.

In responding to the jury's inquiry regarding the meaning of sexual gratification, the court departed from the body of final instructions. Instruction No. 16 initially read as follows:

"The Court instructs you that Deviate Sexual Conduct means an act of sexual gratification involving a sex organ of one person and the mouth or anus of another person."

The court modified the instruction by adding the following sentence to it:

"Sexual gratification may or may not include ejaculation."

He also gave an entirely new instruction which stated:

"Webster defines gratification as a source of gratification or pleasure."

Instruction No. 16 as originally given to the jury was not erroneous. It utilized the term "sexual gratification" from the statute establishing the offense of criminal deviate conduct. The term has no special legal meaning as used in the statute, but is used in its ordinary sense. A jury of twelve would discern its meaning upon fair and open deliberation. There is no rule of law requiring the judge to instruct juries regarding the meaning of such common terms. The jury's question regarding the meaning of sexual gratification did not coincide with an error or legal insufficiency in the final instructions, and it was therefore error for the trial court to depart from the body of final instructions in responding to the jury's question.

The conviction is reversed and remanded for a new trial.

HUNTER, PRENTICE and PIVARNIK, JJ., concur.

GIVAN, C. J., dissents with opinion.

GIVAN, Chief Justice, dissenting.

I respectfully dissent from the majority opinion in this case. The majority is reversing the trial court because during deliberation of the jury the foreman of the jury inquired of the court as to the meaning of the words "sexual gratification." In response to the inquiry, the trial judge instructed the jury on the legal meaning of the words "sexual gratification." The majority takes the position that this was judicial interference with the deliberation process of the jury in violation of Indiana law. To support its position the majority cites the cases of *Brannum v. State*, (1977) 267 Ind. 51, 366 N.E.2d 1180, *Cameron v. State*, (1979) Ind., 383 N.E.2d 1039, and *State v. Hall*, (1856) 8 Ind. 439.

The facts in the cases cited are entirely different from the facts in the case at bar and the decisions in those cases do not support the decision in the case at bar. In *Brannum, supra*, this Court reversed the trial court because the trial judge repeatedly injected his personal views in the presence of the jury concerning the nature of the case. The trial judge also gave his appraisal of a witness's testimony in the presence of a jury. He additionally gave a special instruction in the middle of the jury deliberation in which he commented upon the defense attorney's final argument and his quotation from a case. Concerning that latter activity, this Court stated, "By giving the special instruction *sua sponte*, however, the court emphasized this provision as one of primary importance to the jury, and tended to tell them what they ought to do. It is fundamental that a court should not, by an instruction, cast suspicion on any defense or evidence offered." This Court went on to state, "We must state again that in order for the criminal justice system to survive, our courts must be forums in which all parties can receive a fair and impartial trial. Impartiality insures that persons guilty of crimes be convicted and punished, and that innocence be likewise determined."

In *Cameron, supra*, the trial judge exceeded all bounds of propriety in not only giving an additional instruction after the beginning of the deliberation of the jury but entering into a conversation dissertation with the jury concerning the nature of its deliberation and the law which would be applicable to the case which they were attempting to decide. There is no parallel whatsoever between the conduct of the trial judge in *Cameron* and the conduct of the judge in the case at bar.

In *Hall, supra*, the judge had given two erroneous instructions to the jury. Then apparently upon discovering his error, and in the absence of the parties, he instructed his bailiff to go to the jury room and withdraw the erroneous instructions. The Court pointed out that if such conduct were to be allowed, the court " * * * might send, by the bailiff, instructions to the jury that all previous instructions in the case were erroneous and to be disregarded giving no correct ones in lieu of them, thus depriving the parties, in effect of their right to instructions from the court." I see no parallel of this case with the case at bar.

In the case at bar the jury had been properly instructed. They apparently became confused as to the definition they were to apply to the words "sexual gratification." In response to their inquiry the trial judge uttered two sentences: (1) "Sexual gratification may or may not include ejaculation;" (2) *Webster* defines gratification as a source of gratification or pleasure." I do not perceive that by uttering these two sentences of definition pursuant to the inquiry of the foreman of the jury, the judge even remotely approached the conduct of the trial courts in the cited cases as above set out. The judge did not comment on any phase of the evidence. He did not inject his personal views into the jury's deliberation. Nor did he place the parties in a position of jeopardy.

Although to lawyers and judges the words "sexual gratification" as used in the statute applicable in the case at bar have a well understood meaning as correctly defined by the trial judge, we cannot presume that laymen would as readily understand such a definition. This is especially true when one considers today's magazine articles and books where explicit sexual language is often used and where often a writer will equate "sexual gratification" with either ejaculation or orgasm as suits his particular purpose in his article. It should not come as a surprise that jurors would find some confusion in the use of such terminology and would ask the judge for a specific definition before passing judgment on a person charged with a felony. The foreman of the jury should be commended for her conscientious effort to make sure none of the members of the jury were misunderstanding the instructions of the court. The trial judge should be commended for his concise and correct handling of the situation. As Justice DeBruler said in his dissent in *Brannum*, "On the other hand, however, the judge conducting a jury trial has the affirmative duty to guide the trial away from the unnecessarily prejudicial." In the case at bar had the trial judge refused to give the requested definition there would have been a great risk of a miscarriage of justice and the possibility of

the cost of a new trial all because of a simple misunderstanding on the part of the jury. This misunderstanding which was easily corrected without any interference whatever of the trial judge with the deliberation of the jury, had no interjection of personal philosophy or observations on the part of the trial judge. To send this case back for a new trial for the reasons stated in the majority would be a waste of the time of the litigants and the court and certainly of the taxpayers' money.

The trial court should be affirmed.