Jesse CROWDUS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 381S56.

Supreme Court of Indiana.

March 5, 1982.

Christopher C. Zoeller, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Count I, Possession of Cocaine, a Class D Felony, as a lesser included offense of the charge of Delivery of Cocaine, Ind.Code § 35-48-4-1(1) (Burns Supp.1981), and Count II, Delivery of Cocaine, a Class B Felony, Ind.Code § 35-48-4-1(1) (Burns Supp.1981). He was sentenced to two (2) years imprisonment upon Count I and eleven (11) years imprisonment upon Count II, such sentences to run concurrently. This direct appeal presents four issues, one of which requires us to reverse and remand for a new trial.

After the jurors had deliberated for almost two hours, they requested that the trial court give them an instruction on entrapment and inform them of what would happen if they could not reach a unanimous decision. Over Defendant's timely objection, the trial court gave the following additional instructions:

SUPPLEMENTAL INSTRUCTION NO. A

The Court has heretofore defined entrapment in the Final Instructions. That Instruction reads as follows:

Under the law of the State of Indiana, it is a defense that:

(1) the prohibited conduct of the person was the product of a law enforcement officer, or his agent, using persuasion or other means likely to cause the person to engage in the conduct; and (2) the person was not predisposed to commit the offense. Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment.

SUPPLEMENTAL INSTRUCTION NO. B

Any verdict reached as to each count must be unanimous. You are to return one verdict as to each count. If you cannot reach a unanimous verdict there would be a mistrial and what is known as a hung jury.

This, as any case, is an important case. If you should fail to reach a decision, the case is left open and undecided. Like all cases it must be disposed of some time. Another trial would be a heavy burden on both sides.

Also, there is no reason to believe that the case would ever be submitted to twelve people more intelligent or more impartial or more reasonable than you. Any future jury must be selected in the same manner that you were.

These matters are mentioned now because some of them may not have been in your thoughts.

This does not mean that those favoring any particular position should surrender their honest convictions as to the weight or effect of any evidence solely because of the opinion of other jurors or because of the importance of arriving at a decision.

This does mean that you should give respectful consideration to each other's views and talk over any difference of opinion in a spirit of fairness and candor. If at all possible you should resolve any difference and come to a common conclusion so that this case may be completed.

You may be leisurely in your deliberations as the occasion may require and take all the time you feel necessary.

The giving of this instruction at this time in no way means it is more important than any other instruction. On the contrary, you should consider this instruction together with and as a part of the instructions which I previously gave you.

You may now retire and continue your deliberations in such a manner as may be determined by your good judgment as reasonable people. (R. at 84–85).

Supplemental Instruction B is commonly referred to as an *Allen* charge. *Allen v. United States*, (1896) 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528. In *Lewis v. State*, (1981) Ind., 424 N.E.2d 107, we explicitly disapproved the giving of *Allen* charges and we stated the procedure to follow in responding to any type of problem occasioned by inquiry from the jurors during deliberations:

"The proper procedure is for the court to call the jury back into open court in the presence of all of the parties and their counsel, if they desire to be there, and to reread all instructions given to them prior to their deliberations, without emphasis on any of them and without further comment. This procedure will give the jury the aid necessary for them to continue their deliberations without compounding potential problems as the giving of an Allen-type instruction has done." Id. at 111.

■ It was error for the trial court to give Supplemental Instruction B over De-

fendant's objection, and Defendant is entitled to a new trial. *Burnett v. State*, (1981) Ind., 426 N.E.2d 1314.

■ With respect to the giving of Supplemental Instruction A, we note that the ruling in *Lewis* is not limited to *Allen* charges. Once deliberations commence, the trial court should not give any additional instructions. This rule precludes the trial court from giving any special emphasis, inadvertent or otherwise, to a particular issue in the case, and thus avoids the possibility that the additional instruction(s) may tell the jury what it ought to do concerning that issue. *Wallace v. State*, (1981) Ind., 426 N.E.2d 34, 36; *Cameron v. State*, (1979) Ind., 383 N.E.2d 1039, 1041.

We have recognized only one limited and narrow exception to this rule:

"When confronted with a question from a jury which has commenced deliberations, the challenge to the trial judge is to respond in a manner which accords with the legal requirements for final instructions and which is fair. The path is extremely hazardous for the court that would depart from the body of the final instructions and do other than reread the final instructions in responding to jury instructions. Such a departure will be warranted in only the most extreme circumstances. (citations omitted). It must serve to amend the final instructions by adding a necessary one previously omitted or correcting an erroneous one, and must be fair to the parties in the sense that it should not reflect the judge's view of factual matters. (citation omitted). Thus, it is only when the jury question coincides with an error or legal lacuna in the final instructions that a response other than rereading from the body of final instructions is permissible." *Jenkins v. State*, (1981) Ind., 424 N.E.2d 1002, 1003.

■ We have not yet confronted a record where this exception may apply; however, it is clear that it is not applicable in the case at bar.

The judgment of the trial court is reversed, and the case is remanded for a new trial.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.