**Cas DOWNS, Jr., Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A05–9411–CR–435.

Court of Appeals of Indiana.

Oct. 24, 1995.

Jeffrey A. Lockwood, Anderson, for Appellant.

Pamela Carter, Attorney General of Indiana, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee.

### OPINION

BARTEAU, Judge.

Cas Downs, Jr. appeals from a jury determination finding him guilty of one count of child molesting,[1] a Class B felony and one count of child molesting,[2] a Class C felony. Downs raises four issues, restated as:

1. Was the evidence sufficient to support the Class B felony child molesting conviction;

2. Was it error to provide additional instruction to the jury after deliberations had commenced;

3. Was it error to deny Downs's request for a continuance of the sentencing hearing; and

4. Was the sentence manifestly unreasonable.

We affirm.

### FACTS

The facts viewed in the light most favorable to the verdict reveal that Downs, a former school teacher and principal, befriended S.K., a young girl living in Downs's neighborhood. Downs began to sexually molest S.K. when she was approximately eight years old. The molestations continued until S.K. moved to Indianapolis around her twelfth birthday.

---

1. Ind.Code 35–42–4–3(a).

2. I.C. 35–42–4–3(b).

The State charged Downs with fondling S.K. while she was under the age of twelve and sexual deviate conduct for performing oral sex on S.K. while she was under the age of twelve. Downs provided the police with a videotaped statement admitting the majority of the allegations. Other facts will be supplied as necessary.

## SUFFICIENCY OF THE EVIDENCE

Count I of the Information charged Downs with child molesting as a Class B felony. In order to convict Downs of the B felony, the State had to prove: (1) Downs; (2) knowingly or intentionally; (3) performed deviate sexual conduct; (4) with a child under twelve years of age. Ind.Code 35–42–4–3(a).[3]

■ Downs contends that the State failed to prove that S.K. was under the age of twelve when the deviate sexual conduct occurred. Contrary to this contention, Downs himself provided sufficient evidence that the deviate sexual conduct occurred prior to S.K.'s twelfth birthday. In his videotaped statement to police, given April 21, 1993 and introduced into evidence at trial, Downs discussed the oral sex allegation:

> Last summer in July ... all of them went up and worked at Elwood ... in uh corn detasseling ... after they had been working maybe a couple weeks, and [S.K.] was down to our house one day ... and [S.K.] went in the house ... so I went in ... [and [S.K.] told me about an oral sex episode between a boy and girl on the detasseling bus] ... But I thought she knew quite a bit because oral sex I wouldn't think that a twelve-year-old would even know anything about and she was about twelve at that time because it was last summer in July so we did experiment and did it one time and she said she didn't like it—it was nasty—I did it to her ...

"Last summer in July" would have been July of 1992. S.K. did not turn twelve until August 14, 1992.

While Downs contends that the statement is not specific enough to establish that the act took place prior to S.K.'s twelfth birth-

day, we disagree. The prosecutor argued that Downs's statement established that the act took place in July of 1992. Downs argued that it was inconclusive as to whether the act occurred prior to S.K.'s twelfth birthday. The jury heard the videotaped admission, and was faced with this question. We will not reweigh that decision on appeal.

## INSTRUCTION OF THE JURY

The Information in Count I alleged that:

> From on or about the 1st day of June, 1991, to on or about the 1st day of November, 1991, in Madison County, State of Indiana, CAS A. DOWNS, JR., did perform deviate sexual conduct with [S.K.], a child under the age of twelve (12) years.

After being instructed and beginning deliberations, the jury sent a note to the trial court which read:

> On the first Count, does the act have to have occurred in the (dates of June 9th, 1991 to November, 1991).

After discussion with counsel, the trial court determined that the jury should have been instructed on this issue and that he would provide the jury with a supplemental instruction containing the answer to the jury's question. Defense counsel objected to any further instruction of the jury. The jury was brought into open court and provided with the following instruction:

> The information charges that Count I, was committed from on or about the 1st day of June, 1991 to on or about the 1st day of November, 1991. If you find that the crime charged in Count I was committed the State is not required to prove it was committed during the particular dates alleged."

The trial court did not reread all of the instructions at the time, by agreement of the parties.

■ Downs contends that the trial court erred in providing the supplemental instruction to the jury. Generally, any additional instruction to the jury once deliberations have begun is impermissible. *Crowdus v.*

---

3. Public Law 79–1994, Sec. 12, effective July 1, 1994, amended this section to cover acts with a child under the age of fourteen. The amendment does not affect Downs's case.

*State* (1982), Ind., 431 N.E.2d 796, 798. This general prohibition exists to protect against giving special emphasis, inadvertent or otherwise, to a particular issue and to guard against the possibility that the additional instruction of the jury might suggest a resolution to an issue. *Id.* One limited and narrow exception to this rule has been recognized. *Id.; Jenkins v. State* (1981), Ind., 424 N.E.2d 1002, 1003.

When confronted with a question from a jury which has commenced deliberation, the challenge to the trial judge is to respond in a manner which accords with the legal requirements for final instructions and which is fair. The path is extremely hazardous for the court that would depart from the body of final instructions and do other than reread the final instructions in responding to jury questions. Such a departure will be warranted in only the most extreme circumstances. *Brannum v. State* (1977), 267 Ind. 51, 366 N.E.2d 1180; *Cameron v. State* (1979), [270] Ind. [185], 383 N.E.2d 1039. It must serve to amend the final instructions by adding a necessary one previously omitted or correcting an erroneous one, and must be fair to the parties in the sense that it should not reflect the judge's view of factual matters. *Hall v. State* (1856), 8 Ind. 439. Thus, it is only when the jury question coincides with an error or legal lacuna in the final instructions that a response other than rereading from the body of final instructions is permissible.

*Jenkins,* 424 N.E.2d at 1003.

The trial court held that the jury should have been instructed that the State did not have to prove that the deviate sexual conduct occurred within the dates alleged in the information, and the failure to give that instruction created a legal lacuna[4] properly remedied by additional instruction of the jury. We agree with the trial court that this case fits the legal lacuna exception recognized by *Crowdus* and *Jenkins.*

There was a variance between the dates alleged in the information and the testimony

at trial. The information stated the offense occurred between June and November of 1991. S.K. was non-specific about the dates when deviate sexual conduct occurred. Thus, Downs's own admission to performing cunnilingus on S.K. became the focus of the question whether S.K. was over twelve at the time of the deviate sexual conduct. The prosecution argued that Downs admitted committing the act in July of 1992 while the defense contended that his admission was not conclusive enough as to the date to establish beyond a reasonable doubt that S.K. was under the age of twelve at the time of the offense.

■■■ A variance between the charging information and the proof at trial is material only if it misleads the defendant in the preparation of his defense or when it subjects him to the likelihood of another prosecution for the same offense. *Dellenbach v. State* (1987), Ind.App., 508 N.E.2d 1309, 1312. If the variance is not material, then the information may be amended to conform to the evidence, *Hegg v. State* (1987), Ind., 514 N.E.2d 1061, 1063 (information may be amended at any time before, during or after trial as long as the amendment does not prejudice the substantial rights of the defendant), or the jury may be instructed that the State need not prove the offense occurred within the dates alleged. *See* Indiana Pattern Jury Instruction No. 12–35.

■■■ Downs urges that the date of the offense was material, because it was disputed whether S.K. was over or under the age of twelve at the time the offense occurred. In child molesting cases, time is not of the essence. *Barger v. State* (1992), Ind., 587 N.E.2d 1304, 1307, *reh'g denied.* "The exact date becomes important only in limited circumstances, including the case where the victim's age at the time of the offense falls at or near the dividing line between classes of felonies." *Id.* Because the offense fell near the dividing line of S.K.'s twelfth birthday, at first blush it appears that a variance between the charging information and the proof at

4. Lacuna is defined as an "empty space or missing part; a gap." The American Heritage Dictionary of the English Language 732.

trial would be material. However, as already noted, the dates alleged in the information did not come into play. Both sides focused only on the date of the deviate sexual conduct which Downs admitted occurred in the summer of 1992. The dispute was whether it occurred in July or August of 1992.

Downs nevertheless urges that the additional instruction deprived him "of the opportunity to argue that while time is not usually of the essence of the crime of child molestation, the age of the victim in this case was an essential element of the offense especially in light of the confusing testimony in evidence as to when the conduct had in fast [sic] occurred." Appellant's brief, p. 10. A review of Downs's final argument reveals just that contention. The whole focus was on the fact the State had to prove S.K. was under twelve at the time the deviate sexual conduct occurred. Downs admitted the fondling charge, and admitted performing cunnilingus on S.K., but only disputed her age. Thus, his contention that he was deprived of the opportunity to argue the age issue in final argument is unavailing.

Downs also contends that the instruction was prejudicial because it did not contain language to the effect that the State had to prove S.K. was under the age of twelve at the time the offense occurred. However, as noted, that was the whole point of contention. Final arguments centered on this point, and the jury was adequately instructed thereon. The better procedure would have been for the trial court to reread all of the instructions at the same time the supplemental instruction was read to the jury, a procedure specifically waived by Downs. Thus, he cannot now complain that the instruction should not have been given in isolation.

■ Just because an instruction is a correct statement of the law, is not misleading to the defense, and could have been properly included in final instruction does not give a trial court a green light to supplement final instruction upon realizing the omission of the instruction. As noted in *Jenkins,* it is only "when the jury question coincides with an error or legal lacuna in the final instructions that a response other than rereading from the body of final instructions is permissible." 424 N.E.2d at 1003.

Just such a situation occurred in the case before us. There was a variance between the dates in the information and the evidence at trial. The prosecutor neither amended the information nor requested a jury instruction permitting the jury to disregard the dates contained in the information, and the trial judge did not include an instruction on his own. It was only when the jury asked the trial judge whether the State had to prove the act occurred within the dates alleged in the information that the court realized the omission. The instruction covered a legal lacuna, necessary to the proper deliberation of the jury, and thus was not error.

## DENIAL OF CONTINUANCE OF SENTENCING HEARING

Downs argues that the trial court abused its discretion when it denied his request for a continuance of the sentencing hearing. We disagree.

■ The granting or the denial of a motion for continuance is primarily a matter for the trial court, and the denial of a continuance will be reviewed only for an abuse of discretion. *Harrison v. State* (1995), Ind., 644 N.E.2d 1243, 1253–54. "The record must reveal that the defendant was prejudiced by the failure to grant the continuance in order to demonstrate an abuse of discretion." *Id.* at 1254.

Downs contends that he needed a continuance because he had not been provided with the names of several persons who testified at his sentencing hearing. Each of the witnesses testified concerning prior acts of molestation committed by Downs, some more than twenty years ago. Downs asserts that the State committed a discovery violation by not disclosing the witnesses prior to sentencing. The State counters that it had no obligation to furnish the names of witnesses it intended to call at sentencing and in the alternative that Downs was aware that the witnesses would testify.

■ We need not examine whether discovery orders extend to sentencing hearings because Downs has not established any prej-

udice from the alleged violation of the discovery order and denial of motion for continuance. The trial court even indicated that it would be open to considering any after-acquired evidence, but Downs did not avail himself of that opportunity. The mere allegation that Downs would have been better prepared for cross examination of the witnesses had he had notice will not suffice to establish an abuse of discretion. Absent a showing that there existed damaging or impeaching evidence which Downs could have elicited on cross-examination, there is no showing of prejudice and consequently no error.

### SENTENCING

The trial court sentenced Downs to twenty years on Count I and eight years on Count II, the maximum sentence for each offense. Downs contends that the sentences are manifestly unreasonable in light of his age (sixty-three), his poor health, his genuine remorse, his desire to obtain counseling and his unblemished past.

■■■ This court will revise a sentence authorized by statute only where the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 17(B)(1). The trial court has the discretion to determine whether a sentence will be enhanced or mitigated due to aggravating or mitigating factors. *Concepcion v. State* (1991), Ind., 567 N.E.2d 784, 790. Where the sentence imposed is within the statutorily mandated term, the court will reverse the sentence only if no reasonable person could find that the sentence was appropriate to the character of the offense and to the offender. App.R. 17(B)(2); *Jarrett v. State* (1991), Ind.App., 580 N.E.2d 245, 253.

■ In sentencing Downs to the maximum term on each offense, the court recognized several mitigating factors, but found them outweighed by the fact that the molestation of S.K. went on for such an extended period of time. He also relied on the testimony of others at the sentencing hearing that demonstrated that Downs had been molesting little girls for years. The aggravators relied on by the trial court were sound. The

repeated molestation of S.K. and the previous molestation of others supports the enhanced sentence. It is neither inappropriate to the character of the offense nor the character of the offender.

The trial court is AFFIRMED.

SHARPNACK, C.J., and STATON, J., concur.