**Marvin L. GRAVES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–9810–CR–784.**

Court of Appeals of Indiana.

July 23, 1999.

---

John Pinnow, Greenwood, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Kathryn Janeway, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Defendant–Appellant Marvin Graves (Graves) appeals his convictions of robbery, a Class A felony, Ind.Code § 35–42–5–1; criminal confinement, a Class B felony, Ind.Code § 35–42–3–2; carrying a handgun without a license, a Class A misdemeanor, Ind.Code § 35–47–2–1; and auto theft, a Class D felony, Ind.Code § 35–43–4–2.5.

We reverse and remand for a new trial.

### ISSUE

Graves presents one issue for our review which we restate as: whether the trial court erred by providing an additional instruction to the jury, after deliberations had begun, and by failing to re-read all of the final instructions.

### FACTS AND PROCEDURAL HISTORY

In July, 1997, Graves and two other men accosted Joseph Jones (Jones) in his yard. The men demanded money from Jones and then escorted Jones into his home. Once inside, Graves threw Jones to the floor and began to hit and kick him. At some point, Jones was tied up with a telephone cord, and Graves shot Jones in the leg while the other two men searched the house. Graves instructed his companions to find Jones' car keys and to move Jones' automobile to the back of the house. The two men then left with a bag of items they had gathered from Jones' house. Graves demanded the keys to Jones' security box, and, when he was unable to locate them, he engaged in a game of "Russian roulette" with his gun pointed at Jones' head. Graves then shot Jones twice in his other leg and left the house.

At trial, the jury sent a note to the court stating: "Did Marvin Grave's [sic] have to personally take the property to be guilty of robbery?" (R. 148). In response, the State

suggested reading to the jury only an instruction on accomplice liability. Counsel for Graves, on the other hand, objected to providing the jury with any additional instructions. He further advised the court that if it chose to overrule his objection and provide the jury with additional instructions, he believed the proper procedure would be to re-read the entire set of final instructions, including any additional instructions. The court, over Graves' objection, read to the jury only an instruction on accomplice liability. Graves was convicted of robbery, criminal confinement, carrying a handgun without a license, and auto theft. This appeal ensued.

## DISCUSSION AND DECISION

For his sole claim of error on appeal, Graves contends that the trial court erred by providing the jury with an additional instruction after it had begun deliberating and by failing to re-read the entire set of final instructions at the time it provided the additional instruction to the jury.

Ind.Code § 34–36–1–6[1] provides that if the jury, after it retires for deliberation, desires to be informed as to any point of law regarding the case, it may request to be conducted into court where the information the jury requires shall be given in the presence of, or after notice to, the parties and their counsel. Case law has established that this section of the code sets forth the mandatory procedure for jury questions regarding the law of the case. See Foster v. State, 698 N.E.2d 1166, 1170 (Ind.1998).

In the instant case, both parties agree that the jury's question concerns a point of law and that the trial court complied with the mandates of Ind.Code § 34–36–1–6. The court first notified the parties and their respective counsel of the jury's question and then discussed with them the appropriate manner in which to deal with the situation. Once this decision was made, the jury was called into court and read the additional instruction on accomplice liability. Thus, the

trial court properly conformed its procedure to the dictates of Ind.Code § 34–36–1–6.

■■■ Nevertheless, our supreme court has long recognized that once jury deliberations commence, the trial court should not give any additional instructions. Crowdus v. State, 431 N.E.2d 796, 798 (Ind.1982). Only one limited and narrow exception has been recognized to this strict rule. When the jury's question coincides with an error or "legal lacuna"[2] in the final instructions, the trial court may respond in a manner other than simply re-reading the entire set of final instructions. Id. However, the court must not undertake this endeavor lightly for "[t]he path is extremely hazardous for the court that would depart from the body of final instructions and do other than reread the final instructions in responding to jury questions." Jenkins v. State, 424 N.E.2d 1002, 1003 (Ind.1981). This prohibitive rule exists to protect against giving special emphasis to a particular issue and to guard against the possibility that the additional instruction might suggest to the jury a resolution to an issue. Crowdus, 431 N.E.2d at 798.

In its brief, the State cites Downs v. State, 656 N.E.2d 849 (Ind.Ct.App.1995) for the proposition that it is not error for the trial court to read only the additional instruction without re-reading the entire set of final instructions to the jury. However, the State overlooks the fact that in Downs, the parties agreed that the trial court did not have to re-read all of the instructions. The facts in the present case are obviously very different where the defendant strenuously objected to the court providing any additional instructions to the jury, as well as to providing an additional instruction without re-reading the entire set of final instructions. We find that Downs is distinguishable from the case at bar and therefore not controlling.

■■■ Here, the jury sent its note that referred specifically to the charge of robbery, and then returned with a verdict of guilty as to that charge after receiving the additional instruction on accomplice liability. In this situation the potential for prejudice is great.

---

1. Formerly Ind.Code § 34–1–21–6.

2. A "lacuna" is a gap or blank. Black's Law Dictionary 1017 (4th ed. rev. 1968).

The evidence reveals that Graves' companions searched Jones' house and removed items from the residence, but it does not show that Graves actually removed any of the objects from the house.[3] Therefore, when the trial court instructed the jury on accomplice liability, without re-reading the entire set of final instructions, it not only placed special significance on the particular issue of Graves' culpability with regard to the charge of robbery, but also the lone, additional instruction suggests a resolution to the jury's predicament evidenced by their note. The jury was instructed as follows: "[A] person who knowingly or intentionally aids, induces or causes another person to commit an offense, commits that offense." (R. 337).

This is the type of improper emphasis that the rule of *Crowdus* aims to alleviate. Because of the existence of the legal lacuna in the form of the omitted instruction on accomplice liability, we conclude that the trial court properly provided the jury with the additional instruction. However, the trial court committed reversible error by failing to re-read the entire set of final instructions contemporaneously with the giving of the additional instruction. *See Durden v. State*, 406 N.E.2d 281 (Ind.Ct.App.1980) (affirming trial court's action of reading supplemental instructions to jury in conjunction with re-reading of all instructions); *see also Downs*, 656 N.E.2d at 853 (where trial court provided additional instruction to jury and, by agreement of parties, did not re-read all instructions, Court of Appeals affirmed noting that "[t]he better procedure would have been for the trial court to reread all of the instructions at the same time the supplemental instruction was read to the jury, a procedure specifically waived by Downs").

■ Additionally, Graves urges us to reverse his convictions on all four counts based upon our inability to determine the manner in which the court's supplemental instruction affected the jury's final decision. In support of his argument, Graves points out that in addition to the note requesting clarification on the notion of accomplice liability, the jury also sent a note stating that it had reached verdicts on two of the four counts. Graves argues that the jury could have reached provisional verdicts of not guilty on two counts, and, after receiving the additional instruction, altered the verdicts to guilty. We agree that this possibility exists. To reverse only the conviction of robbery improperly invades the province of the jury by assuming that they were not affected by the supplemental instruction with regard to the additional three counts.

We note that retrial of Graves is permissible on remand. *See Grundy v. State*, 695 N.E.2d 167, 170 (Ind.Ct.App.1998) (stating that although double jeopardy bars retrial in cases of reversal for insufficient evidence, it does not bar retrial in cases of reversal for trial error).

## CONCLUSION

Based upon the foregoing, we conclude that the trial court erred by providing the jury with an additional instruction and failing to contemporaneously re-read the entire set of final instructions.

Reversed and remanded for a new trial on each of the four charges.

MATTINGLY, J., and SULLIVAN, J., concur.

---

3. Ind.Code § 35–42–5–1 defines robbery as: "a person who knowingly or intentionally takes property from another person or from the presence of another person by using or threatening the use of force on any person, or by putting any person in fear." The offense is a Class A felony if it results in serious bodily injury to any person other than the defendant.