**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 28 2013, 8:53 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN C. BOHDAN**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JAMARCUS CAIN,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀Appellant-Defendant,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀No.  02A03-1207-CR-335
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STATE OF INDIANA,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀Appellee-Plaintiff.⠀⠀⠀⠀⠀⠀⠀⠀)

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D06-1111-FC-375

**March 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Jamarcus Cain ("Cain") appeals his conviction for Class C felony carrying a handgun without a license.[1]  Cain alleges that the trial court committed reversible error by giving the jury an additional instruction without rereading all of the final instructions once deliberations began.

We affirm.

## ISSUE

Whether the trial court erred by giving the jury an additional instruction without rereading all of the final instructions once deliberations began.

## FACTS

On the evening of November 18, 2011, Cain drove a car into a tree after he had been drinking at a friend's house.  Michael Davis ("Davis") heard the crash and saw Cain running from the scene.  Davis called the police and gave a description of the clothes Cain was wearing.  Officer Jason Anthony ("Officer Anthony") of the Fort Wayne Police Department responded to the call and observed Cain run in front of his vehicle a short time later.  Officer Anthony exited his vehicle and ordered Cain to stop.  Cain stopped running but continued walking toward a car in a nearby driveway.  Officer Anthony then observed Cain "[throw] something underneath the car."  (Tr. at 46).  Officer Anthony could not see what Cain threw but "immediately heard what sounded like metal hitting concrete" after Cain made the "throwing motion."  (Tr. 47-9).  Cain then attempted to hide between the car and an adjacent garage.  Cain eventually surrendered to Officer

---

[1]  Ind. Code §§ 35-47-2-1, 35-47-2-23.

Anthony. Other officers subsequently discovered a handgun underneath the car where Officer Anthony saw Cain. No other metal items were found underneath the car.

On November 28, 2011, the State charged Cain with carrying a handgun without a license as a Class C felony.[2] A jury trial was held on May 31, 2012. Closing arguments for both parties focused on whether Cain had been in constructive possession of the handgun. After those arguments, the trial court read the jury its final instructions. Jurors were given a copy of the final instructions to take with them into the jury room. A little over an hour into deliberations, the jurors asked for a definition of constructive possession. After conferring with the lawyers, and reviewing Indiana Jury Rule 28 along with the case of *Ticher v. Davidson*, 762 N.E.2d 1221 (Ind. 2002), the trial court realized that it failed to give any instruction on possession. To remedy the omission, the trial court decided it would give the jurors Indiana Pattern Jury instruction number 14.156 defining possession, while redacting portions dealing with sole and joint possession. The trial court proposed to read the instruction to the jury and ordered that they reread all of the instructions, cautioning them not to place any greater emphasis on the additional instruction. Cain objected only to the trial court's procedure of not rereading all of the

---

[2] The State also charged and convicted Cain of operating a vehicle with an alcohol concentration equivalent to .15 or more, operating a vehicle while intoxicated, and driving while suspended as Class A misdemeanors. Cain was also charged and convicted of failure to stop after accident as a Class B misdemeanor. However, Cain did not appeal his convictions on these charges.

final instructions. The trial court proceeded with its proposed method of instructing the jury; they subsequently returned a verdict of guilty on all charges.[3]

DECISION

Generally, the manner of instructing a jury lies within the sound discretion of the trial court. *Hero v. State*, 765 N.E.2d 599, 602 (Ind. Ct. App. 2002), *trans. denied*. A trial court's decision on the submission of jury instructions is reversible upon a showing of an abuse of discretion. *Id.* A defendant is only entitled to a reversal if he affirmatively demonstrates that the instructional error prejudiced his substantial rights. *Hollowell v. State*, 707 N.E.2d 1014, 1023 (Ind. Ct. App. 1999).

As a general rule, once jury deliberations commence, the trial court should not give any additional instructions. *Crowdus v. State*, 431 N.E.2d 796, 798 (Ind 1982). "This rule precludes the trial court from giving any special emphasis, inadvertent or otherwise, to a particular issue in the case, and thus avoids the possibility that the additional instruction(s) may tell the jury what it ought to do concerning that issue." *Id.* Our Supreme Court has recognized a narrow exception to this rule:

> When confronted with a question from a jury which has commence deliberations, the challenge to the trial judge is to respond in a manner which accords with the legal requirements for final instructions and which is fair. The path is extremely hazardous for the court that would depart from the body of the final instructions and do other than reread the final instructions…. Such a departure will be warranted in only the most extreme circumstances. It must serve to amend the final instructions by adding a necessary one previously omitted or correcting an erroneous one,

---

[3] In a bifurcated proceeding, the State presented evidence that Cain had been convicted of a felony within fifteen (15) years of November 18, 2011 to satisfy part II of the charging information for the handgun. The jury found Cain guilty of this part of the charge as well, hence the conviction for a Class C felony.

and must be fair to the parties in the sense that it should not reflect the judge's view of factual matters. Thus, it is only when the jury question coincides with an error or legal lacuna in the final instructions that a response other than rereading from the body of final instructions is permissible.

*Jenkins v. State*, 424 N.E.2d 1002, 1003 (Ind. 1981) (citations omitted).

Here, Cain argues that the trial court erred in not rereading all of the final instructions along with the omitted instruction regarding possession. Cain relies on our Court's decision in *Graves v. State*, 714 N.E.2d 724. (defendant's conviction reversed where the trial court gave an additional instruction after deliberations had begun without rereading all of the final instructions). This Court also recently decided a case similar to *Graves* in *Dowell v. State*, 973 N.E.2d 58 (Ind. Ct. App. 2012). Dowell, along with his codefendant, planned to rob a man they encountered at a bar who was drunk and carrying a large amount of cash. They lured the victim to an agreed upon location, where Dowell hit the victim with a baseball bat, the accomplice took the victim's money. At trial, the jury was instructed about the elements of robbery, but not accomplice liability. During deliberations, the jury essentially asked if Dowell could be convicted under the law of accomplice liability. The trial court responded by sending a note to the jury stating "Indiana law provides that a person who aids another person to commit an offense commits that offense." *Id.* at 59. The trial court did not bring the jury back into the courtroom or reread all of the instructions. We found that this was a reversible error because the additional instruction caused the type of impermissible emphasis that *Crowdus* aims to prevent. We distinguish Cain's case from *Graves* and *Dowell*.

5

First, contrary to Cain's assertion, the trial court in his case did not read the instruction in isolation as in *Graves* or *Dowell*. The trial court read the additional instruction and admonished the jury as follows:

> Thank you Ronell. Ladies and gentlemen I'm not sure who the Foreman is and it's not important at this particular juncture or time but somebody on the jury has asked the question about what is constructive possession. That note was provided to myself. I have discussed with counsel. You have asked a specific question of law. Our jury rules permit the trial courts to answer your specific question of law and provide to you an omitted instruction. I will provide to you a copy of the omitted instruction, I will read it to you and also ask and direct and order that you re-read[sic] all of the instructions that I've provided. Don't give any specific emphasis to this instruction over any of the other instructions but consistent with the status of the law the court would instruct you that the word possess means to own or to exert control over. The word possession can take on several different but related meanings. There are two kinds of possession, actual and constructive possession. A person who knowingly has direct physical control of a thing at a given time is then in actual possession of it. A person who, although not in actual possession , knowingly has both the power and the intention at a given time to exercise control over a thing is then in constructive possession of it. Possession may be actual or constructive.
>
> I will provide to Ronell, there's twelve copies. Please put these in your packets. Again direct and order that you re-read[sic] all of the instructions, place that in an appropriate place and don't give it any extra emphasis or anything over and above any of the other instructions that I've provided. And Ronell you may take the jury to continue deliberations.

(Tr. 157-58).

Indeed, there was an omission in instructing the jury on the definition of possession. Our Supreme Court's decisions in *Crowdus* and *Jenkins* permitted the trial court to deviate from rereading all of the final instructions. *See Crowdus*, 431 N.E.2d at 798; *Jenkins*, 424 N.E.2d at 1003. Hence, the ultimate question in our review is whether the trial court's deviation was fair to the parties.

6

In response to the jury's question, the trial court read Indiana Pattern Instruction number 14.156 defining possession. The trial court also admonished the jury several times to reread all of the instructions and not to give it more weight than any of the other instructions given. Finally, the instruction did not emphasize one issue over another. In fact, possession was the only contested issue. During the trial, Cain admitted that he had been drinking that evening, that he crashed the car into a tree, and that he fled the scene of the accident. Both lawyers focused on the possession of the handgun in their closing arguments, essentially conceding Cain's guilt of the other offenses. Given the trial court's use of the pattern instruction, the thorough admonishment to the jury, and the resolution of the case depending on one issue, we find that the trial court's actions in this case were fair to both parties.[4]

Affirmed.

ROBB, C.J., and MAY, J., concur.

---

[4] Although we find no error with the trial court's procedure in this case, we stress that the best practice in similar situations is to add any omitted instructions in their appropriate place and reread all final instructions to the jury.