ATTORNEY FOR THE RESPONDENT
Pro se.

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Secretary
Dennis K. McKinney, Staff Attorney
Indianapolis, Indiana



# In the
# Indiana Supreme Court

FILED

Nov 12 2010, 12:08 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 49S00-0908-DI-355

IN THE MATTER OF:

WILLIAM J. RAWLS,

*Respondent.*

Attorney Discipline Action
Hearing Officer Charles D. O'Connor, Jr.

**November 12, 2010**

**Per Curiam.**

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action." The Respondent's 1985 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. See IND. CONST. art. 7, § 4.

We find that Respondent, William J. Rawls, engaged in a pattern of serious violations of the Indiana Professional Conduct Rules, as set forth in detail below. For this misconduct, we find that Respondent should be disbarred from the practice of law in this state.

## Background

The Disciplinary Commission filed a 38-page, 275-paragraph complaint against Respondent consisting of nine counts. The Commission presented evidence regarding six of these counts at an evidentiary hearing, after which the hearing officer filed a report that included findings of fact on those counts described below. Neither party filed a petition for review of the hearing officer's report. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." Matter of Levy, 726 N.E.2d 1257, 1258 (Ind. 2000).

Count 1. Client 1 paid Respondent $750 to represent her in a criminal case. After Respondent failed to meet with Client 1 and did not appear at the initial hearing, Client 1 fired Respondent and requested a refund. Respondent did not refund the $750 to Client 1 but told the Commission that he had. Respondent initially contended that Client 1 had signed a refund receipt but later admitted he signed Client 1's name on a purported receipt. Although he disclaimed any attempt to imitate her signature, the hearing officer found (based on expert handwriting analysis) that the signature was a simulation or tracing of Client 1's signature. Respondent submitted the purported receipt to the Commission intending that the Commission believe Client 1 signed it.

Count 2. Client 2 hired Respondent to pursue a tort claim against a company on a contingency fee basis. Respondent failed to respond to the company's questions about Client 2's medical bills. When Respondent was suspended from practice by this Court for prior misconduct, Respondent advised Client 2 that his file would be transferred to another attorney during the suspension. When he returned to practice, Respondent advised Client 2 that the company offered to settle his claim for $4,000 and no more, but the company actually never made any settlement offer. After Client 2 filed a grievance against Respondent, Respondent told the Commission that he had remained in contact with Client 2, that Client 2's file was transferred to the other attorney during his suspension and transferred back to him when he resumed

practice, and that the other attorney informed him of the company's settlement offer. These statements were false.

Count 3. Client 3 paid Respondent a $300 retainer to represent it in a suit brought by a former employee. Respondent offered $842.80 to settle the case without authorization from Client 3. The plaintiff countered with an offer to settle for $1,991.20. Respondent did not communicate this offer to Client 3. He failed to respond to the plaintiff's request for admissions and motion for summary judgment. The trial court granted summary judgment on the issue of liability to the plaintiff and set a hearing on damages. When the plaintiff offered to settle the case for $3,500, Respondent accepted the offer without any communication with Client 3. After failing to receive payment, the plaintiff asked the court to reset the damages hearing. Respondent then withdrew from representing Client 3. During his representation of Client 3, Respondent failed to respond to numerous inquiries from Client 3 about the case, and he failed to advise Client 3 that the court had granted summary judgment to the plaintiff on liability and that he had withdrawn his appearance. After Client 3 filed a grievance, Respondent falsely stated that he had informed Client 3 of the settlement offer and had recommended payment.

Count 4. Client 4 and a third party were involved in an automobile accident. Client 4 hired Respondent to represent him in bringing a tort claim against the third party. An attorney representing the third party wrote Client 4 demanding payment of $6,221.75 and then filed a small claims action against Client 4. Respondent filed his appearance for Client 4. He did not notify Client 4 of a hearing date, and neither Respondent nor Client 4 appeared. A default judgment of $6,000 was entered against Client 4. Respondent failed to respond to Client 4's numerous inquiries about his case. Client 4 became aware of the judgment when the Indiana Bureau of Motor Vehicles suspended his driver's license because of the judgment. Client 4 hired a new attorney, who succeeded in having the judgment vacated and Client 4's license reinstated.

Count 5. After Client 5's Jeep was towed by a towing service, Client 5 paid the service $1,000 for storage fees. Client 5 believed that the Jeep was towed because of a report from a resident at the place where the Jeep had been parked. Client 5 therefore filed a small claims action against the towing service and the resident. He paid Respondent a $300 retainer to

represent him. Respondent unsuccessfully challenged the defendants' motions to change venue and advised Client 5 that the case should be removed to superior court. Respondent, however, took no other action in the case, failed to appear at a hearing at which the claim against one defendant was dismissed, failed to respond to Client 5's repeated inquiries about the case, and failed to respond to Client 5's requests that he return original photos and the Jeep's title. After Client 5 filed a grievance, Respondent failed to respond to a subpoena duces tecum issued by the Commission. He eventually provided the Commission with a copy of his file for Client 5, which contained the photographs and title Client 5 had requested. The Commission returned these items to Client 5.

Count 6. Client 6 hired Respondent to prepare and file a petition for dissolution of her marriage, paying him $531. Respondent failed to file a petition to dissolve the marriage, to respond to Client 6's repeated attempts to contact him about the case, and to refund her payment after she fired him. After she filed a grievance, Respondent initially failed to respond to a subpoena duces tecum issued by the Commission. Respondent told the Commission he would refund the money Client 6 had paid him, but he paid her only $500. Client 6 hired another attorney and was able to obtain her divorce without undue delay.

Facts in mitigation and aggravation. No facts in mitigation are apparent. Respondent's history of discipline, summarized below, which includes a prior suspension for misconduct, is a substantial fact in aggravation:

> Matter of Rawls, 772 N.E.2d 406 (Ind. 2002). The Court found Respondent committed five counts of misconduct, which included violations in handling his trust account and misrepresentations to the Commission about the account. The Court imposed a 12-month suspension, with six months actively served followed by six months stayed on the condition that Respondent have monthly audits of his trust account for one year. The suspension was effective September 7, 2002. Respondent was reinstated March 17, 2003, after late payment of costs.
>
> Other discipline:
> Continuing legal education ("CLE") noncompliance suspension, 4/30/04; reinstated 5/28/04.

4

Cause No. 49S00-0602-DI-68:  Show cause petition for noncooperation with the Commission filed 2/22/06.  Dismissed after compliance 4/12/06, with assessment of costs.

Cause No. 49S00-0605-DI-158:  Show cause petition for noncooperation with the Commission filed 5/1/06.  Dismissed after compliance 5/30/06, with assessment of costs.

CLE noncompliance suspension, 5/23/06; reinstated 6/21/06.

Cause No. 49S00-0704-DI-158:  Show cause petition for noncooperation with the Commission filed 4/20/07.  Suspended for noncooperation  6/15/07; reinstated after compliance 7/26/07, with assessment of costs.

Dues nonpayment suspension, 5/22/07; reinstated 6/6/07.

Cause No. 49S00-0811-DI-607:  Show cause petition for noncooperation with the Commission filed 11/20/08.  Dismissed after compliance 1/21/09, with assessment of costs.

Dues nonpayment suspension, 5/14/10; reinstated 5/18/10.

CLE noncompliance, 5/14/10; reinstated 7/12/10.

## **Discussion**

Based on the hearing officer's unchallenged findings of fact, the Court concludes that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.2(a):  Failure to abide by a client's decisions concerning the objectives of representation.

1.3:  Failure to act with reasonable diligence and promptness.

1.4(a):  Failure to keep a client reasonably informed about the status of a matter and respond promptly to reasonable requests for information.

1.16(d):  Failure to refund an unearned fee promptly.

8.1(a):  Knowingly making a false statement of material fact to the Disciplinary Commission in connection with a disciplinary matter.

8.1(b):  Failure to respond in a timely manner to the Commission's demands for information.

8.4(b):  Committing a criminal act (forgery) that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(c):  Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

5

The Court must now decide the discipline to be imposed for Respondent's misconduct. The hearing officer recommended that the discipline "imposed should be severe, in accordance with [Respondent's] dereliction of his duties." The Commission filed a brief on sanction arguing that Respondent's misconduct, coupled with his prior suspensions, warrants disbarment. Respondent filed nothing in response to the hearing officer's report or the Commission's brief.

In Indiana, disbarment permanently strips an attorney of the privilege of practicing law in the state. Accordingly, disbarment is reserved for the most serious misconduct. *See* Matter of Sniadecki, 924 N.E.2d 109, 120 (Ind. 2010). The American Bar Association's *Standards for Imposing Lawyer Sanctions* (as amended in 1992) ("Standards") provide the following examples of misconduct warranting disbarment:

> Disbarment is generally appropriate when . . . a lawyer **engages in a pattern of neglect** with respect to client matters and causes **serious or potentially serious injury** to a client.

Standard 4.41(c) (emphasis added).

> Disbarment is generally appropriate when:
>
> (a) a lawyer engages in **serious criminal conduct** a necessary element of which includes intentional interference with the administration of justice, false swearing, **misrepresentation**, fraud, extortion, misappropriation, or theft; . . . or
>
> (b) a lawyer engages in any **other intentional conduct involving dishonesty**, fraud, deceit, or misrepresentation that **seriously adversely reflects on the lawyer's fitness to practice.**

Standard 5.11 (emphasis added).

> Disbarment is generally appropriate when a lawyer, **with the intent to deceive the court**, makes a false statement, **submits a false document**, or improperly withholds material information, and causes serious or potentially serious injury to a party, or causes a significant or **potentially significant adverse effect on the legal proceeding**.

Standard 6.11 (emphasis added).

6

Respondent's misconduct fits within all of the above Standards. Respondent has demonstrated a pattern of neglect of his clients' cases, resulting in adverse dispositions, suspension of one client's driver's license, a missed opportunity to settle, and undue delay. Respondent made a series of intentional misrepresentations to the Commission during its investigations of grievances. Respondent created a fraudulent receipt, criminally forged a client's name on it, and submitted it to the Commission, acting as an agency of this Court, with the intent of deceiving the Commission. We therefore conclude that Respondent should be disbarred.

## Conclusion

The Court concludes that Respondent engaged in a pattern of serious violations of the Indiana Professional Conduct Rules, as set forth above. For Respondent's professional misconduct, the Court disbars Respondent from the practice of law in this state effective December 27, 2010. Respondent shall not undertake any new legal matters between service of this order and the effective date of the disbarment, and Respondent shall fulfill all the duties of a disbarred attorney under Admission and Discipline Rule 23(26).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this opinion to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this opinion to the Court's website, and Thomson Reuters is directed to publish a copy of this opinion in the bound volumes of this Court's decisions.

All Justices concur.