**In the Matter of William J. RAWLS, Respondent.**

**No. 49S00–0908–DI–355.**

Supreme Court of Indiana.

April 13, 2012.

*PUBLISHED ORDER FINDING RESPONDENT IN CONTEMPT OF COURT, IMPOSING FINE, AND DIRECTING IMPRISONMENT*

On November 12, 2010, the Court entered an order disbarring Respondent, effective December 27, 2010. *See Matter of Rawls,* 936 N.E.2d 812 (Ind.2010).

The Commission filed a Verified Motion for Rule to Show Cause on January 6, 2012, alleging that Respondent engaged in the following acts in violation of his disbarment: On February 28, 2011, he appeared in the court office of Marion Superior Court 1, Civil Division, requested a file from the court clerk, completed an appearance form on behalf of another attorney, signed the attorney's name on the appearance form, and placed the initials "BW" next to the signature. Witnesses were Magistrate Victoria M. Ransberger and Bailiff Ben Bryant.

The Court entered an Order to Show Cause on January 13, 2012, directing Respondent to show cause in writing, within 15 days of service why he should not be held in contempt for violating Admission and Discipline Rule 23(26)(b) by maintaining a presence or occupying an office where the practice of law is conducted after his disbarment. Respondent was served with the order by certified mail on or before January 24, 2012. It has been over 15 days since Respondent was served with the Order to Show Cause, and Respondent has not responded.

In the absence of any response from Respondent contesting the Commission's charges, we conclude that Respondent violated his duties as a disbarred attorney by maintaining a presence or occupying an office where the practice of law is conducted.

This Court has inherent and statutory authority to punish contempt of court by fine and imprisonment. *See Matter of Mittower,* 693 N.E.2d 555, 559 (Ind.1998). In determining an appropriate punishment, the Court considers, among other factors, any continuing risk to the public or profession. *See id.*

We find Respondent guilty of indirect criminal contempt of this Court and conclude that the defiance of this Court's au-

thority as evidenced by Respondent's contemptuous conduct warrants a fine of $500.00 and imprisonment for a period of seven (7) days.

The Court therefore ORDERS that Respondent be sentenced **to a term of imprisonment for a period of seven (7) days,** without the benefit of good time. The Sheriff of the Supreme Court of Indiana is directed to take Respondent into custody and turn him over to the Indiana Department of Correction. In carrying out this order, the Sheriff of the Supreme Court of Indiana may seek the assistance of the Indiana State Police and any other law enforcement officer, and any such law enforcement officer shall provide the requested assistance.

The Court further ORDERS that Respondent **be fined the sum of $500.00.** Respondent shall remit this amount within 60 days of the date of this order to the Clerk of the Indiana Supreme Court, Court of Appeals and Tax Court.

The Clerk of this Court is directed to forward notice of this order to Respondent by personal service or by certified mail, return receipt requested, at the address reflected in the Roll of Attorneys. The Clerk is directed to forward a copy of this Order to the Disciplinary Commission; to the Sheriff of the Supreme Court of Indiana, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except MASSA, J., not participating.