Orlando MARTIN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 45S05–0106–PC–282.

Supreme Court of Indiana.

Jan. 4, 2002.

Susan K. Carpenter, Public Defender of Indiana, Cynthia Maricle Russell, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SHEPARD, Chief Justice.

In his post-conviction relief petition, Orlando Martin alleges ineffective assistance of counsel because his appellate attorney mentioned, but did not brief, a claim that the trial court improperly gave the jury an instruction after deliberations had begun. Concluding that this error neither constituted deficient performance nor prejudiced Martin's case, we affirm the denial of post-conviction relief.

### Facts and Procedural History

Martin was charged with murdering Donald Stewart and tried before a jury in 1992. The evidence revealed that Martin sought out Stewart because he believed that Stewart was somehow involved in the death of Martin's teenage daughter.

Martin enlisted the help of LaTanya Means in finding Stewart. After Means located Stewart, Martin's friend Elston Pickford, Martin, and Stewart drove to a wooded area. According to Pickford's testimony, Martin forced Stewart into the woods at gunpoint. Pickford heard a scream, followed by two shots. Martin then returned from the woods and told Pickford that he had only shot Stewart in the leg and that he could crawl home.

In settling on final instructions during Martin's trial, the court initially declined to instruct on aiding and abetting, believing it would be too confusing to the jury. About three hours into deliberations, the jury came back with a question about the liability of an accomplice.[1] Over Martin's objection, the judge gave the jury an additional instruction on accomplice liability. The jury later found Martin guilty of murder, and the court sentenced him to forty years in prison.

The current litigation flows from the brief filed in Martin's direct appeal. Martin's appellate lawyer asserted in the section of his brief summarizing the arguments that the trial court's instruction on accomplice liability was improper, but he did not address the issue in the section of the brief laying out each argument in full. *Martin v. State*, 636 N.E.2d 1268, 1270 n. 2 (Ind.Ct.App.1994); (P–C.R. at 84–101). The Court of Appeals ruled that Martin had waived this issue because he failed to cite authority in support of his contention. *Martin*, 636 N.E.2d at 1270 n. 2 (citing Ind. Appellate Rule 8.3(A)(7)).[2] It rejected his other allegations of error and affirmed the trial court.

Martin filed a petition for post-conviction relief, alleging that the trial court committed fundamental error by giving the jury a supplemental instruction and that his assistance from appellate counsel was constitutionally deficient. The Court of Appeals reversed the post-conviction court's denial of the petition, holding that Martin's appellate representation was both deficient and prejudicial. *Martin v. State*, 744 N.E.2d 574, 579 (Ind.Ct.App.2001). We accepted transfer and now affirm the post-conviction court's denial of relief.

## I. Fundamental Error Rightly Held Unavailable

■ Martin first argues that the trial court erred when it gave a jury instruction after deliberations had begun. (Appellant's Br. at 12.) The Court of Appeals declined to address this issue as a freestanding matter because the issue was available on direct appeal. *Martin*, 744 N.E.2d at 577. The Court of Appeals was correct.

■ Post-conviction relief is not a substitute for a direct appeal. Ind. Post–Conviction Rule 1, § 1(b). Post-conviction procedures create a narrow remedy for subsequent collateral challenges to convictions. *Benefiel v. State*, 716 N.E.2d 906 (Ind.1999). Freestanding claims that the original trial court committed error are available only on direct appeal. *See Lambert v. State*, 743 N.E.2d 719, 726 (Ind. 2001).

■ To avoid waiver, Martin argues that the trial court committed fundamental error. (Appellant's Br. at 12.) To qualify for review under this exception, a claim of error must be "so prejudicial to the rights

---

1. The jury sent a note that read: "If two people go to the murder site and only 1 person fires the weapon, are both considered guilty by the law? And the other one helped get the victim to the murder site." (T.R. at 81.)

2. Current version at App. R. 46(A)(8).

of a defendant as to make a fair trial impossible." *Barany v. State,* 658 N.E.2d 60, 64 (Ind.1995).

■ As we recently held in *Carter v. State,* 754 N.E.2d 877, 881 (Ind.2001), "An appellate court receiving contentions of fundamental error need only expound upon those it thinks warrant relief. It is otherwise adequate to note that the claim has not been preserved." The Court of Appeals was thus right simply to note that Martin's claim about the additional instruction was unavailable.

## II.  Effective Assistance of Counsel

Martin next argues that his Sixth Amendment right to effective assistance of council was violated. His only argument on this point is that his appellate lawyer failed to mention the giving of the supplemental instruction in the argument section of his brief. (Appellant's Br. at 18.)

■ To establish a violation of the Sixth Amendment right to effective assistance of appellate counsel, Martin must establish the two elements set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, appellate counsel's performance must be shown to be deficient, meaning the counsel's representation fell below an objective standard of reasonableness. *Id.* at 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Prowell v. State,* 741 N.E.2d 704, 712 (Ind.2001). Second, Martin must show that the deficient performance actually prejudiced his defense. *See Strickland,* 466 U.S. at 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. In other words, the prejudice-prong of *Strickland* requires Martin to demonstrate a reasonable probability that, but for his counsel's errors, the result of his direct appeal would have been different. *See id.* at 694, 104 S.Ct. 2052, 80 L.Ed.2d 674.

■ The question is not whether the trial court was correct in providing the jury with a supplemental instruction on aiding and abetting. Instead, the appropriate question on petition for post-conviction relief is whether appellate counsel's performance, viewed in its entirety, denied Martin his Sixth Amendment right to counsel. *Bieghler v. State,* 690 N.E.2d 188, 193–94 (Ind.1997), *cert. denied,* 525 U.S. 1021, 119 S.Ct. 550, 142 L.Ed.2d 457 (1998) (citing *Lowery v. State,* 640 N.E.2d 1031, 1041 (Ind.1994)). Thus, Martin must demonstrate that, taken as a whole, his appellate counsel's performance fell "outside the wide range of professionally competent assistance." *Id.*

■ Counsel is afforded considerable discretion in choosing strategy and tactics. *Perez v. State,* 748 N.E.2d 853, 854 (Ind. 2001) (citing *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674). We strongly presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* Even when failure to argue a potential claim is not a matter of conscious strategy, isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. *See Bieghler,* 690 N.E.2d at 199; *Ingram v. State,* 508 N.E.2d 805, 808 (Ind.1987) (citation omitted).

■ In appellate briefs, arguments are listed in three sections: (1) issues presented for review, (2) summary of the argument, and (3) argument. *See* App. R. 46(A)(4), (7), (8). Martin's counsel listed the supplemental instruction argument only in the second section. (P-C.R. at 84–100.) Because the issue was listed in the summary of the argument section, Martin alleges that his appellate counsel was ineffective for not fully arguing the supplemental instruction issue in the appellate

brief. Another possibility is that Martin's counsel simply chose to drop this argument because it was the weakest issue but failed to remove it from the summary section. It is certainly plausible that counsel chose to abandon this argument rather than simply failed to address it.[3]

Martin's claim that this single omission overcomes the strong presumption of adequate assistance is unconvincing in light of the entirety of Martin's appellate lawyer's performance. Counsel advanced three respectable issues on direct appeal: (1) the admissibility of weapons owned by Martin, (2) the admissibility of expert testimony regarding the identification of the victim's skeletal remains, and (3) the trial court's denial of a new trial following discovery of new evidence. *See Martin*, 636 N.E.2d at 1270–73. Even assuming Martin's appellate counsel erroneously omitted the argument, this single, isolated mistake did not render representation ineffective. As we discuss more fully below, the instruction issue would not have been stronger than the three issues actually raised.

We are also satisfied that appellate counsel's failure to argue the supplemental instruction worked little prejudice. As we stated earlier, Martin must demonstrate under the prejudice prong of *Strickland* that there is a reasonable probability that the result of his direct appeal would have been different. *See Strickland*, 466 U.S. at 694, 104 S.Ct. 2052, 80 L.Ed.2d 674. Had this issue been presented on direct appeal, it would have been rejected.

■■■■ The generally accepted procedure in answering a jury's question on a matter of law is to reread all instructions in order to avoid emphasizing any particular point and not to qualify, modify, or explain its instructions in any way. *Riley v. State*, 711 N.E.2d 489, 493 (Ind.1999) (citing *Wallace v. State*, 426 N.E.2d 34, 36–37 (Ind.1981)). However, we have permitted departure from this procedure when a trial court is faced with an omitted and necessary instruction or must correct an erroneous instruction, as long as it is "fair to the parties in the sense that it should not reflect the judge's view of factual matters." *Id.* (quoting *Jenkins v. State*, 424 N.E.2d 1002, 1003 (Ind.1981)). Thus, "when the jury question coincides with an error or legal lacuna [i.e., gap] in the final instructions … a response other than rereading from the body of final instructions is permissible." *Jenkins*, 424 N.E.2d at 1003.

■■■■ Given the facts of this case, an instruction on aiding and abetting was unnecessary. Neither Means nor Pickford was on trial with Martin, and there was no evidence that Martin assisted another. It is hard to surmise why the jury asked for instruction on this issue, but they were apparently interested enough in the relative guilt of those who assisted in the murder that they felt the need to ask the judge about it. Still, the evidence presented at trial was overwhelming. There was no identification problem, and all the evidence pointed to Martin as the murderer. (*See* P–C.R. at 71, 78–79.)

In short, Martin's appellate lawyer raised three respectable issues on appeal and omitted an issue that we likely would have rejected. Even if this nudged the lawyer's performance outside the range of

---

**3.** Our decisions encourage appellate counsel to avoid the "kitchen-sink" method of appellate advocacy. *See, e.g., Bieghler*, 690 N.E.2d at 194 (citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)). A multitude of marginal issues may hide those with merit. To quote Justice Jackson: "Legal contentions, like the currency, depreciate through over-issue." Justice Robert H. Jackson, *Advocacy Before the United States Supreme Court*, 25 Temple L.Q. 115, 119 (1951).

reasonableness, we think it clear the outcome of the appeal would have been the same.

## Conclusion

We affirm the denial of post-conviction relief.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.