# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**LORINDA MEIER YOUNGCOURT**
Lawrence County Public Defender
Bedford, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JASON FIELDS, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 47A04-1110-CR-577 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE LAWRENCE SUPERIOR COURT
The Honorable William G. Sleva, Judge
Cause No. 47D02-1105-FB-513

**August 21, 2012**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Jason Fields appeals his convictions for two counts of dealing in methamphetamine, as Class B felonies, following a jury trial. Fields presents a single issue for review: whether the trial court abused its discretion when it answered a question from the jury about the meaning of one of the final instructions.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In March and April 2011, Fields lived with Joseph Roe. On April 4, at Roe's request, Fields purchased methamphetamine from Shon Michaels. On April 6, Fields again purchased methamphetamine from Michaels at Roe's request. Unbeknownst to Fields, Roe was working as a confidential informant for the Bedford Police Department, and both transactions were controlled buys made with marked money provided by the police.

On May 6, the State charged Fields with two counts of dealing in methamphetamine, as Class B felonies. The trial court denied the State's subsequent motion to elevate the offenses to Class A felonies. A three-day trial was conducted September 27 through 29. During deliberations, the jury submitted a question to the judge, asking for clarification of part of final instruction number 11. That instruction reads:

> Before you may convict the Defendant, the State must have proved each of the following beyond a reasonable doubt:
>
> 1. The Defendant
> 2. knowingly delivered
> 3. methamphetamine, pure or adulterated.

AND

The State must have proved beyond a reasonable doubt that:

> 1.     that [sic] the prohibited conduct of the Defendant was not the product of [a law enforcement officer] [or] [a law enforcement officer's agent] using persuasion or other means likely to cause the Defendant to engage in the conduct, or
> 2.     that [sic] the Defendant was predisposed to commit the offense.
>
> Keeping in mind that conduct merely affording a person an opportunity to commit the offense does not constitute entrapment.
>
> If the State failed to prove each of the above referenced elements beyond a reasonable doubt, including the elements relating to entrapment, you should find the Defendant not guilty of dealing in methamphetamine, a Class "B" Felony for the Count under consideration.

Appellant's App. at 116. The jury's question asked: "On page 11[.] The State must have proved beyond a reasonable doubt that question 1 or 2 [sic]. Do both 1 and 2 we have to agree or on just one of them." Id. at 123. The trial court recalled the jury and, in the presence of the parties and their counsel, answered the jury's question as follows:

> Okay for the record the Jury is reassembled, everyone else is also in the courtroom. Members of the Jury, my answer to your question is very specific and you're [sic] question was very specific as to instruction eleven (11), the second part. And as you know the second part has one (1) or two (2). It is not both, one (1) or. Either/or. Okay, alright. So having done that I'll send you back out.

Transcript at 550.

Fields moved for a mistrial for "changing instructions." Id. at 549. The trial court denied that motion. The jury subsequently returned a verdict finding Fields guilty of both counts of dealing in methamphetamine, as Class B felonies. The court entered judgment of conviction accordingly and sentenced Fields to ten years, enhanced by eight years for

3

aggravating circumstances, for an aggregate sentence of eighteen years with two years probation, to be served concurrently. Fields now appeals.

## DISCUSSION AND DECISION

Fields appeals from the denial of his motion for a mistrial following the trial court's response to a jury question after deliberations had begun. On appeal, the trial court's discretion in determining whether to grant a mistrial is afforded great deference because the trial court is in the best position to gauge the surrounding circumstances of an event and its impact on the jury. McManus v. State, 814 N.E.2d 253, 260 (Ind. 2004), cert. denied, 546 U.S. 831 (2005). We therefore review the trial court's decision solely for abuse of discretion. Id. After all, "a mistrial is an extreme remedy that is only justified when other remedial measures are insufficient to rectify the situation." Id. (citation and internal quotation marks omitted).

Fields contends that the trial court erred when it answered the question the jury submitted after deliberations had begun, thereby "modifying" the final jury instructions. Appellant's Brief at 11. Generally, "[o]nce deliberations commence, the trial court should not give any additional instructions." Cabell v. State, 461 N.E.2d 1101, 1102 (Ind. 1984). "This rule precludes the trial court from giving any special emphasis, inadvertent or otherwise, to a particular issue in the case, and thus avoids the possibility that the additional instruction(s) may tell the jury what it ought to do concerning that issue." Id.

"The generally accepted procedure in answering a jury's question on a matter of law is to reread all instructions in order to avoid emphasizing any particular point and not

4

to qualify, modify, or explain its instructions in any way." Martin v. State, 760 N.E.2d 597, 601 (Ind. 2002). However, our supreme court has permitted departure from this procedure when a trial court is faced with an omitted and necessary instruction or must correct an erroneous instruction, as long as it is fair to the parties in the sense that it should not reflect the judge's view of factual matters. Id. "[I]t is only when the jury question coincides with an error or legal lacuna in the final instructions that a response other than rereading from the body of final instructions is permissible." Jenkins v. State, 424 N.E.2d 1002, 1003 (Ind. 1981) (alterations in original).

Still, a trial court is not required to provide information automatically and mechanically every time the jury requests it. Henri v. Curto, 908 N.E.2d 196, 205 (Ind. 2009) (quotation marks omitted). Rather, it has discretion to determine whether a jury question relates to the jury's desire to be informed as to a point of law arising in the case. Id. If the court determines that the jury wishes to be so informed, the court is required to answer the question after notice to the parties or their attorneys. Id. (citations omitted).

Indiana Code Section 34-36-1-6 governs the procedure a trial court must follow when answering a jury question submitted during deliberations. That statute provides:

If, after the jury retires for deliberation:

> (1) there is a disagreement among the jurors as to any part of the testimony; or
> (2) the jury desires to be informed as to any point of law arising in the case;

the jury may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or the attorneys representing the parties.

5

Ind. Code § 34-36-1-6. The statutory phrase "any point of law arising in the case" is construed narrowly and mandates that the trial court inform counsel and provide a discrete answer only when the jury question "points up 'an error or legal lacuna in the final instructions.'" Henri, 908 N.E.2d at 205 (citing Foster v. State, 698 N.E.2d 1166, 1171 (Ind. 1998)).

> Once the trial court, in the exercise of its discretion, has determined that a question posed . . . by the jury relates to . . . the jury's "desire to be informed as to any point of law arising in the case," Ind. Code § 34-36-1-6 (emphasis added), the court then must supply the requested information, to the extent that it consists of [an] answer to the legal question.

Foster, 698 N.E.2d at 1170 (citation omitted, emphasis in original).

Our opinion in Taylor v. State, 677 N.E.2d 56 (Ind. Ct. App. 1997), trans. denied, is instructive. There, after deliberations had begun, the jury informed the trial court that it had several questions. The court brought the jury back to open court, in the presence of the parties and their counsel.

> First, the jury asked about the difference between the three different charges and whether they must convict on an all or nothing basis. The judge replied that he could not discuss the differences between the charges and informed them that they could re-read the instructions for guidance. The judge then answered the second part of their question by saying that the court would sort out any duplicity in verdicts at the time of sentencing, and that they should look at each charge individually and determine whether the State has met its burden. The jury again asked for clarification, and the judge told them that they could enter a guilty or not guilty verdict on each of the counts independently. Then the jury asked if any of the charges weighed more heavily than the others because of the order of the instructions, to which the judge informed them that there was no priority. Next the jury asked if "deliver" is "a hard enough fact." After the judge expressed that he was not sure of the question, the prosecutor stated that "Deliver is not separately defined." (R. 852). Finally, the jury asked if the instructions were to be considered line by line or item by item. The judge stated that they need to be considered as a whole. He then clarified his earlier statement about the court sorting out duplicities by affirming that

6

what the jury does is binding on the court, that the three charges are separate, and that they are to infer nothing else from what he said. (R. 850-854).

Id. at 62.

On appeal, the defendant argued that the trial court's responses had "weakened the State's burden of proof and violated his right to consult with counsel and have assistance of counsel." Id. Citing the former Indiana Code Section 34-1-21-6 (recodified at Indiana Code Section 34-36-1-6 (1998)),[1] we held that the trial judge correctly followed the procedure set out in the statute. Specifically, the "jury wanted to be informed about a point of law. The judge called them into open court where he answered their questions in the presence of the defendant and both attorneys." Id. The trial court's answers "did not go to the merits of the case but cleared up a potentially dangerous misunderstanding of the jury that their response must be of an all or nothing nature." Id. And, even if the communication were deemed inappropriate, we held that the defendant had not shown reversible error because the trial judge had cautioned the jury to imply nothing from his answers other than that the jury was to decide guilty or not guilty on each charge. Id. at 64.

Here, Fields contends that the trial court's response to the jury's mid-deliberation question constituted a modification of the jury instructions. We cannot agree. As in Taylor, the trial court merely answered the jury's question of law arising in the case. In doing so, the trial court followed the procedure set out in Section 34-36-1-6 by calling the jury back to open court and answering the question in the presence of counsel. Under

---

[1] There is no material difference between the language of former Indiana Code Section 34-1-21-6 and Indiana Code Section 34-36-1-6.

7

these circumstances, the trial court was not required to reread the final instructions in their entirety.  See Martin, 760 N.E.2d at 601; Jenkins, 424 N.E.2d at 1003.

Still, Fields cites Crowdus v. State, 431 N.E.2d 796 (Ind. 1982), in support of his contention that the trial court's communication to the jury in this case constitutes reversible error.  That case is inapposite.  In Crowdus, the jury requested an instruction on entrapment, which had not previously been included in the final instructions.  But in the present case, the trial court merely answered a question of law arising in the case, namely, whether paragraphs 1 and 2 of the second part of Jury Instruction 11 required a jury finding beyond a reasonable doubt on both paragraphs or "just one of them."  The question presented was a narrow point of law, which the trial court answered succinctly and without any elaboration.  The trial court neither modified the final instructions nor gave an additional instruction.  Fields has not shown that the trial court erred when it answered the jury's question.  As such, Fields has not shown that the trial court abused its discretion when it denied his motion for mistrial.

Affirmed.

KIRSCH, J., and MAY, J., concur.