Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Aug 07 2013, 6:10 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JOHN JORMAN, JR.**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN JORMAN JR., | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1203-PC-163 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert R. Altice, Judge
The Honorable Amy J. Barbar, Magistrate
Cause No. 49G02-0912-PC-100675

**August 7, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

John Jorman, Jr. ("Jorman") appeals the denial of his petition for post-conviction relief. He raises multiple issues for our review, which we consolidate and restate as:

I.      Whether the post-conviction court properly denied Jorman's request for a public defender;

II.     Whether the post-conviction court erred when it denied Jorman's free standing claims of error at trial; and

III.    Whether the post-conviction court erred when it found that Jorman had not received ineffective assistance of trial counsel.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In its order denying Jorman's petition for post-conviction relief, and taking from the probable cause affidavit, the post-conviction court summarized the facts regarding the underlying offenses as follows:

> [Jorman] was contracted with Family and Social Services Administration (FSSA) Bureau of Developmental Disability Services (BDDS) as a Medicaid Provider. Jorman provided services to clients in their home for BDDS. In 2007, Jorman submitted an application/proposal to provide services to BDDS. The Provider Relations Director of BDDS, Arnetta Jackson, identified several problems with Jorman's application, including his failure to reach the minimal financial requirement of a line of credit of at least $35,000.00
>
> Jackson informed Jorman of the requirement and Jorman told her that he could not meet this requirement and asked her to lower it. Jackson informed Jorman that the requirement could not be lowered.
>
> In December 2007, Jorman submitted a bank statement from the National Bank of Indianapolis, dated November 2007, to BDDS showing that he had a balance of approximately $22,000[.00]. With other letters of credit submitted this brought Jorman up to the $35,000[.00].

BDDS staff called the National Bank of Indianapolis and learned that Jorman's account was closed in October 2005. Affiant confirmed with [the] National Bank of Indianapolis that Jorman's account was closed.

Jorman falsified bank documents to make it appear that he met the minimum financial requirements of BDDS in order to procure a government contract.

*Appellant's App.* at 60.

On December 14, 2009, the State charged Jorman with forgery[1] as a Class C felony and government contract procurement through false information[2] as a Class A misdemeanor. Jorman was found to be indigent, and the trial court appointed public defender, Alan Reid ("Reid"), as Jorman's counsel. On May 6, 2010, Jorman entered into a plea agreement that called for him to plead guilty as charged to both counts. In exchange, the State agreed that the sentence would be capped at two years total with all other terms open to argument. Pursuant to the plea agreement, Jorman acknowledged that, by pleading guilty, he was admitting the truth of all the facts alleged in the charges and that he was satisfied with his counsel's performance. Jorman was advised of his rights, and he accepted the State's proffered factual basis. The plea agreement was accepted by the trial court, and a judgment of conviction was entered.

On June 23, 2010, Jorman moved pro se to withdraw his guilty plea, which the trial court denied. On July 19, 2010, Reid was replaced by another public defender, Karen Brogan ("Brogan"). Jorman filed another pro se motion to withdraw his guilty plea, which was denied after a hearing on July 23, 2010. On that same date, the trial

---

[1] *See* Ind. Code § 35-43-5-2.

[2] *See* Ind. Code § 35-43-5-11.

court conducted a sentencing hearing and sentenced Jorman to two years on Class C felony forgery and to one year for Class A misdemeanor government contract procurement through false information, all suspended and with both sentenced to run concurrently with each other. The trial court placed Jorman on probation for one year.

On August 6, 2010, Jorman filed a pro se petition for post-conviction relief, alleging ineffective assistance of trial counsel, that his two convictions violated double jeopardy, that he did not knowingly, voluntarily, or intelligently enter into his guilty plea, that the probable cause affidavit was defective, and that the trial court erroneously denied his motion to withdraw his guilty plea. *Appellant's App*. at 38-44. On August 13, 2010, the post-conviction court denied Jorman's request that a public defender be appointed. A hearing was held on Jorman's petition on September 14, 2011, at which time the post-conviction court took the matter under advisement. On March 1, 2012, the post-conviction court denied Jorman's petition for post-conviction relief. Jorman now appeals.

**DISCUSSION AND DECISION**

Jorman argues that the post-conviction court erroneously denied his petition for relief. Post-conviction proceedings do not afford the petitioner an opportunity for a super appeal, but rather, provide the opportunity to raise issues that were unknown or unavailable at the time of the original trial or the direct appeal. *Ben-Yisrayl v. State*, 738 N.E.2d 253, 258 (Ind. 2000), *cert. denied* 534 U.S. 1164 (2002); *Wieland v. State*, 848 N.E.2d 679, 681 (Ind. Ct App. 2006), *trans. denied*, *cert. denied* 549 U.S. 1038 (2006). The proceedings do not substitute for a direct appeal and provide only a narrow remedy

4

for subsequent collateral challenges to convictions. *Ben-Yisrayl*, 738 N.E.2d at 258. The petitioner for post-conviction relief bears the burden of proving the grounds by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5).

When a petitioner appeals a denial of post-conviction relief, he appeals a negative judgment. *Fisher v. State*, 878 N.E.2d 457, 463 (Ind. Ct. App. 2007), *trans. denied*. The petitioner must establish that the evidence as a whole unmistakably and unerringly leads to a conclusion contrary to that of the post-conviction court. *Id.* We will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion. *Wright v. State*, 881 N.E.2d 1018, 1022 (Ind. Ct. App. 2008), *trans. denied*. The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Lindsey v. State*, 888 N.E.2d 319, 322 (Ind. Ct. App. 2008), *trans. denied*. We accept the post-conviction court's findings of fact unless they are clearly erroneous, and no deference is given to its conclusions of law. *Fisher*, 878 N.E.2d at 463.

### I. Request for Counsel

Jorman contends that the post-conviction court erred when it denied his request for the appointment of counsel during the post-conviction proceedings. The right to counsel in post-conviction proceedings is not guaranteed by either the Sixth Amendment to the United States Constitution or Article I, section 13 of the Indiana Constitution. *Daniels v. State*, 741 N.E.2d 1177, 1190 (Ind. 2001); *Taylor v. State*, 882 N.E.2d 777, 783 (Ind. Ct. App. 2008). The Indiana Post-Conviction Rules provide that the public defender may

represent any petitioner committed to the Indiana Department of Correction if the public defender determines the proceedings are meritorious and in the interests of justice and may refuse representation in any case where the conviction or sentence being challenged has no present penal consequences. Ind. Post-Conviction Rule 1(9)(a).

In the present case, Jorman was sentenced to an aggregate two-year sentence, all suspended. After he filed his petition for post-conviction relief, he requested that a public defender be appointed to assist him in the proceedings, which the post-conviction court denied. Jorman had no constitutional right to appointed counsel, although, pursuant to the post-conviction rules, he could have employed his own counsel or proceeded pro se, as he did here. *Id.* Further, Jorman was never incarcerated in this case, so therefore, the Public Defender was not required to represent him in his post-conviction proceedings. Because the post-conviction court was not required to refer Jorman's case to the Public Defender at public expense, the court did not err in denying him a public defender.

## II. Free Standing Claims

Jorman raised several free standing claims of error in his petition for post-conviction relief, to which the post-conviction court denied relief. These included claims that the probable cause affidavit was defective, that he did not knowingly, voluntarily, or intelligently enter into his guilty plea, that the trial court erroneously denied his motion to withdraw his guilty plea, and that his convictions violated double jeopardy. On appeal, he contends that the post-conviction court erred when it denied these claims.

Initially, we note that Jorman pleaded guilty in his underlying case. "It is well settled that a person who pleads guilty cannot challenge the propriety of the resulting

conviction on direct appeal; he or she is limited on direct appeal to contesting the merits of a trial court's sentencing decision, and then only where the sentence is not fixed in the plea agreement." *Alvey v. State*, 911 N.E.2d 1248, 1249 (Ind. 2009). Therefore, these issues would not have even been allowed to be raised on direct appeal. Further, post-conviction relief is not a substitute for a direct appeal. P-C.R. 1(1)(b). Post-conviction procedures create a narrow remedy for subsequent collateral challenges to convictions. *Martin v. State*, 760 N.E.2d 597, 599 (Ind. 2002). Freestanding claims that the original trial court committed error are available only on direct appeal and are not available in collateral proceedings. *Id*. (citing *Lambert v. State,* 743 N.E.2d 719, 726 (Ind. 2001), *cert, denied* 534 U.S. 1136 (2002)). Claims such as Jorman's free standing claims can only be considered when framed as a claim of ineffective assistance of counsel. The post-conviction court properly denied Jorman relief on his free standing claims of error.

### III.  Ineffective Assistance of Counsel

Jorman argues that he received the ineffective assistance of his trial counsel, Reid, which influenced him to plead guilty. He contends that, if not for Reid's ineffective representation, he would not have pleaded guilty and would have proceeded to trial. We review ineffective assistance of trial counsel claims under the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). *Fisher*, 878 N.E.2d at 463. First, the petitioner must demonstrate that counsel's performance was deficient, which requires a showing that counsel's representation fell below an objective standard of reasonableness and denied the petitioner the right to counsel guaranteed by the Sixth Amendment to the United States Constitution. *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001), *cert.*

7

*denied* 537 U.S. 839 (2002). Second, the petitioner must demonstrate that he was prejudiced by counsel's deficient performance. *Id.* To show prejudice, a petitioner must show that there is a reasonable probability that the outcome of the trial would have been different if counsel had not made the errors. *Id.* A probability is reasonable if it undermines confidence in the outcome. *Id.*

We presume that counsel rendered adequate assistance and give considerable discretion to counsel's choice of strategy and tactics. *Smith v. State*, 765 N.E.2d 578, 585 (Ind. 2002). "Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective." *Id.* "If we can resolve a claim of ineffective assistance of counsel based on lack of prejudice, we need not address the adequacy of counsel's performance. *Fisher*, 878 N.E.2d at 463-64.

Because Jorman was convicted pursuant to a guilty plea, we must analyze this particular claim under *Segura v. State*, 749 N.E.2d 496 (Ind. 2001). *Segura* discusses two types of ineffective assistance of counsel claims in this context: (1) where the defendant's lawyer fails to advise the defendant on an issue that impairs or overlooks a defense; and (2) where the defendant's lawyer incorrectly advises the defendant as to penal consequences. *Maloney v. State*, 872 N.E.2d 647, 650 (Ind. Ct. App. 2007). If a petitioner is convicted pursuant to a guilty plea and later claims that his counsel rendered ineffective assistance because counsel overlooked or impaired a defense, the petitioner must show that a defense was indeed overlooked or impaired and that the defense would have likely changed the outcome of the proceeding. *Id.* Therefore, the petitioner must show a reasonable probability that, had the defense been raised, the petitioner would not

8

have pleaded guilty and would have succeeded at trial. *Helton v. State*, 907 N.E.2d 1020, 1023-24 (Ind. 2009) (citing *Segura*, 749 N.E.2d at 503).

Here, Jorman has not shown that, had Reid provided different representation at trial, he would not have pleaded guilty or that a trial would have resulted in a more favorable outcome. Jorman's guilty plea capped his sentence at two years despite the fact that he was facing two charges, including a Class C felony. A person who commits a Class C felony shall be imprisoned for a fixed term of between two and eight years, with the advisory sentence being four years. Ind. Code § 35-50-2-6. Jorman also faced another charge, which could have resulted in consecutive sentencing. His plea agreement reduced his sentence from the advisory to the minimum for a Class C felony. Jorman has not established that different representation by Reid would have supported a reasonable probability that Jorman would have chosen to go to trial, and that if he had, he would have succeeded at trial.

Additionally, Jorman did not call Reid as a witness at his post-conviction hearing. Absent evidence in support of the petitioner's assertion, the post-conviction court may infer that counsel would not have corroborated the petitioner's allegations. *Mays v. State*, 790 N.E.2d 1019, 1021-22 (Ind. Ct. App. 2003) (citing *Dickson v. State,* 533 N.E.2d 586, 589 (Ind. 1989); *Lockert v. State,* 627 N.E.2d 1350, 1353 (Ind. Ct. App. 1994)). We can therefore infer that Reid would not have supported Jorman's claims. Jorman bears a heavy burden and must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. *Hall v. State*, 849 N.E.2d 466, 469 (Ind. 2006). This court will not disturb the post-conviction

9

court's denial of relief unless the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion. We, therefore, conclude that Jorman has failed to meet his burden. The post-conviction court did not err in denying is petition.

Affirmed.

VAIDIK, J., and PYLE, J., concur.