## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 21 2017, 10:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

David Fischer
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J. T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David M. Fischer,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 21, 2017

Court of Appeals Case No.
18A04-1608-PC-1931

Appeal from the Delaware Circuit Court

The Honorable Thomas A. Cannon, Jr., Judge

Trial Court Cause No.
18C05-1209-PC-1

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Petitioner, David M. Fischer (Fischer), appeals the post-conviction court's denial of his petition for post-conviction relief following a guilty plea at the trial court level.

We affirm.

# ISSUE

Fischer appears to present us with four issues on appeal, which we consolidate and restate as: Whether he received ineffective assistance of trial counsel.

# FACTS AND PROCEDURAL HISTORY

On June 11, 2010, Fischer enticed A.F., whom he knew to be fifteen years old at the time, to come to his apartment, where he gave her vodka and then subjected her to vaginal, oral, and anal sex. A.F. later reported Fischer. On June 18, 2010, the State filed an Information, charging Fischer with three Counts of sexual misconduct with a minor, Class B felonies; and one Count of contributing to the delinquency of a minor, a Class A misdemeanor.

On April 26, 2011, the trial court accepted Fischer's plea of guilty to two Counts of Class B felony sexual misconduct with a minor and one Count of contributing to the delinquency of a minor, a Class A misdemeanor. After the parties presented arguments on the sentence, the trial court entered judgment, sentencing Fischer to twelve years, with ten years executed and two years

suspended, each on the two Counts of sexual misconduct with a minor, to be served consecutively, and one year suspended on the Class A misdemeanor.

[6] Fischer now appeals. Additional facts will be provided when necessary.

# DISCUSSION AND DECISION

## I. *Standard of Review*

[7] Under the rules of post-conviction relief, the petitioner must establish the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1, § 5; *Strowmatt v. State*, 779 N.E.2d 971, 974-75 (Ind. Ct. App. 2002). To succeed on appeal from the denial of relief, the post-conviction petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id*. at 975. The purpose of post-conviction relief is not to provide a substitute for direct appeal, but to provide a means for raising issues not known or available to the defendant at the time of the original appeal. *Id*. If an issue was available on direct appeal but not litigated, it is waived. *Id*.

[8] Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we cannot affirm the judgment on any legal basis, but rather, must determine if the court's findings are sufficient to support its judgment. *Graham v. State*, 941 N.E.2d 1091, 1096 (Ind. Ct. App. 2011), *aff'd on reh'g*, 947 N.E.2d 962. Although we do not defer to the post-conviction court's legal conclusions, we review the post-conviction court's factual findings under a clearly erroneous

standard. *Id.* Accordingly, we will not reweigh the evidence or judge the credibility of witnesses, and we will consider only the probative evidence and reasonable inferences flowing therefrom that support the post-conviction court's decision. *Id.*

[9] Initially, we note that Fischer proceeded *pro se* before the post-conviction court and again on appeal. While Fischer has every right to represent himself in legal proceedings, a *pro se* litigant is nevertheless held to the same standard as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented. *See Zavodnik v. Harper*, 17 N.E.2d 259, 266 (Ind. 2014). This also means that *pro se* litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so, which can include waiver for failure to present a cogent argument on appeal and adherence to Indiana Appellate Rule 46(A)(8). *See Shepherd v. Truex*, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004). Here, Fischer's appellate brief consists of twenty-one handwritten pages with barely any references to the record, appendix, or transcript. It is difficult to discern Fischer's precise allegations because of the many deficiencies in his brief. Pursuant to Ind. Appellate Rule 46(A)(6), the statement of facts should contain a narrative description of the relevant facts in light of the applicable standard of review. Instead, Fischer's statement of facts is a self-serving recitation of perceived concessions made by the State and his trial counsel, admitting to, among others, an excessive sentence, ineffectiveness, and Fischer's innocence. Similarly, Fischer's statement of the case does not lay out the relevant

procedural posture of the case as required by Ind. Appellate Rule 46(A)(5), but instead focuses on the facts, as interpreted by him. Turning to the argument section of Fischer's appellate brief, we note that his arguments lack cogency. *See* Ind. Appellate Rule 46(A)(8). Besides the difficulties this court has in deciphering Fischer's arguments, the overwhelming amount of case law cited within the argument section is not used in developing contentions in support of his position. Rather, they are merely general statements of rules of law without any application to the claims at hand.

[10] While we prefer to decide issues on the merits, where the appellant's noncompliance with appellate rules is so substantial as to impede our consideration of the issues, we may deem the alleged errors waived. *Id*. Although we would be justified to waive Fischer's issues on appeal, we will nevertheless attempt to address his arguments in so far as we can decipher them. However, we refuse to comb through the record or transcript to find evidence to support his allegations as we will not become an "advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood."[1] *Id*.

## II. *Ineffective Assistance of Counsel*

---

[1] It should be pointed out that the State is not free of blame either: in several instances in its appellate brief, the State refers to Fischer as Freeman.

Fischer contends that he was denied the effective assistance of trial counsel. The standard by which we review claims of ineffective assistance of counsel is well established. In order to prevail on a claim of this nature, a defendant must satisfy a two-pronged test, showing that: (1) his counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's errors the result of the proceeding would have been different. *Jervis v. State*, 28 N.E.3d 361, 365 (Ind. Ct. App. 2015) (citing *Strickland v. Washington*, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) *reh'g denied*), *trans. denied*. The two prongs of the *Strickland* test are separate and distinct inquiries. *Id*. Thus, "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001) (quoting *Strickland*, 466 U.S. at 697) *reh'g denied; cert. denied*, 537 U.S. 839, 123 S.Ct. 162, 154 L.Ed.2d 61 (2002).

Counsel is afforded considerable discretion in choosing strategy and tactics and we will accord those decisions deference. *Jervis*, 28 N.E.3d at 365. A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id*. The *Strickland* court recognized that even the finest, most experienced criminal defense attorney may not agree on the ideal strategy or the most effective way to represent a client. *Id*. Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. *Id*. Furthermore, we will not speculate as to what may or may not have been

advantageous trial strategy as counsel should be given deference in choosing a trial strategy which, at the time and under the circumstances, seems best. *Id.*

[13] Because Fischer brings his petition for post-conviction relief after pleading guilty at the trial court level, it is important to observe that "[t]here are two different types of ineffective assistance of counsel claims that can be made in regards to guilty pleas: (1) failure to advise the defendant on an issue that impairs or overlooks a defense; and (2) an incorrect advisement of penal consequences." *McCullough v. State*, 987 N.E.2d 1173, 1176 (Ind. Ct. App. 2013) (citing *Segura v. State*, 749 N.E.2d 496, 500 (Ind. 2001)). Importantly, the decision to enter a guilty plea is largely the defendant's decision, and is therefore different from the tactical or investigatory steps that are the bases of most claims of ineffective assistance of counsel. *Segura*, 749 N.E.2d at 503-04. In *State v. Van Cleave*, 674 N.E.2d 1293, 1301 (Ind. 1996), our supreme court reasoned:

> Demonstrating prejudice seems particularly appropriate in the context of a claim of ineffective assistance by a defendant who has pleaded guilty. The guilty plea, virtually unique among all procedural steps, involves the judgment of the defendant as well as his attorney . . . [T]he decision to plead is often strongly if not overwhelmingly influenced by the attorney's advice. But it is equally true that the defendant appreciated the significance of the plea and is uniquely able to evaluate its factual accuracy. The requirement that the court satisfy itself as to the factual basis for the plea is designed to ensure that only guilty defendants plead guilty, and also that the defendant's decision to waive a jury trial is an informed and reflective one. Many decisions at trial— calling a given witness, asserting a defense, or the extent of cross-

examination—are difficult if not impossible for the defendant to make, and reliance on counsel is unavoidable. In contrast, the decision to plead guilty is ultimately the prerogative of the defendant, and the defendant alone. More than conjecture or hope for a lucky break at trial should be required to upset that action years later.

Likewise, "if the error or omission has the result of overlooking evidence or circumstances that affect the sentence imposed, prejudice is evaluated by the reasonable probability that it had that effect." *Segura*, 749 N.E.2d at 504.

### 1. *Trial Counsel*

As far as we can discern, Fischer contends that his trial counsel failed to investigate, failed to object to the accuracy of facts used at sentencing, and failed to research controlling law. His argument is mostly focused on his counsel's lack of contacting witnesses who could have provided evidence of mitigating circumstances to be used during his sentencing. It appears that the mitigating circumstance Fischer alludes his trial counsel overlooked was the abuse he had suffered as a child. Trial counsel testified during the post-conviction relief hearing that even though he had tried to contact Fischer's brother, the number Fischer had given him did not work. Fischer did not provide trial counsel with any other witnesses to contact. Furthermore, Fischer failed to establish that even if his mental health history or abusive childhood could have been established, the result of the sentencing hearing would have been different. Our supreme court has consistently held that evidence of a

difficult childhood "is entitled to little, if any, mitigating weight." *Bethea v. State*, 983 N.E.2d 1134, 1141 (Ind. 2013).

[15] Additionally, Fischer petitioned the post-conviction court for relief on a claim that trial counsel failed to file certain unspecified motions. If Fischer is to prove successfully that ineffective assistance stemmed from a failure to file a motion, he must show that the motion would have been granted if raised—which he did not. *Sweet v. State*, 10 N.E.3d 10, 14 (Ind. Ct. App. 2014) (citing *Helton v. State*, 907 N.E.2d 1020, 1023 (Ind. 2009)).

[16] Besides several pages filled with generalized statements and without references to the record, Fischer fails to provide any evidence supporting his allegations, let alone establish that he was prejudiced by these perceived omissions.

2. *Freestanding Claims*

[17] In addition to his allegations of ineffective assistance of trial counsel, Fischer asserts numerous complaints against the trial court and the State. Among these contentions are allegations that the trial court's sentence was excessive, that the trial court and the State violated the terms of the plea agreement, and that the trial court erroneously imposed consecutive sentences. As we have repeatedly noted, "[p]ost-conviction relief is not a substitute for a direct appeal." Ind. Post-Conviction Rule 1, § 1(b). Post-conviction procedures create a narrow remedy for subsequent collateral challenges to convictions. *Martin v. State*, 760 N.E.2d 597, 599 (Ind. 2002). Freestanding claims that the original trial court committed error are available only on direct appeal. *Id*. Accordingly, Fischer

waived these allegations as their review is unavailable to him in post-conviction relief proceedings.

# CONCLUSION

[18] Based on the foregoing, we conclude that trial counsel provided effective assistance to Fischer and we accordingly affirm the post-conviction court's denial of Fischer's petition.

[19] Affirmed.

[20] Robb, J. and Pyle, J. concur